UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
Gary Gillard

-against-

Jeremy Burch is John Doe #1
Kelly Doyle is John Doe #2
Craig Rosati, Gregory Beecher,
Michael Paige, Richard Lapan,
Arthur Harris is ? Harris,
John Rosati, Curtis Poirier,
Jason Abraham is J. Abraham,
Edward Carpender, Scott Bishop,
Eric Rich is E. Rich,
Donald Smith is John Doe-D.Smith,
David Skellie, Scott Hamel,
Sean Corrigan, Michael Mussen,
Brandon Jaquish,
Andrew Frazier is Colin Fraser,
Andrew Fraizer ¶ 316. is Andrew Frasier,
Darin Williams, Matthew Sabo,
William Kline, Michael Hoy,
Keith Hendry,
Peter Besson,
Rod Eastman is R. Eastman,
Stephen Rowe is s. Rowe,
Randy Gross, Larry Foote,
Brandi White,
Kathleen White is Kathy/Karen White,
Karin West, Diana Cosey,
Shirley French,
Fisher Nesmith is John Doe #3,
Ken Verio, Jane Doe #1,
Michele Czerwinski,
Howard Silverberg,
William Redmond is Redman,
Karen Lapolt, Thomas Forbes,
David Carpenter, Richard Potter,
Patrick Vanguilder is Paul Vanguilder,
David Rook,
Chris Lindquist is ? Luidquist,
Karen Bellamy,
Donald Selsky,
Steven Van Buren,
Richard McDevitt,
Lester N. Wright,
George A. Glassanos,
Chad Powell,

COMPLAINT




U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
OCT 1 0 2008
AT_____O'CLOCK_____
Lawrence K. Baerman, Clerk - Syracuse

NON-JURY TRIAL DEMANDED
42 U.S.C. 1983, 1985, 1986
18 U.S.C. 1961, 1962, 1964

9:08-cv-1104



*1*

Vern Fonda, Richard Roy,
Lucien J. Leclaire Jr.,
Anthony J. Annucci,
Brian Fischer,
Peggy J. Laffredo, Deborah Clark,
Daniel L. Steward,
James M. Begin,
David L. McNulty,
Kevin Kortright,
Andrew M. Cuomo,
Eliot L. Spitzer,
David Patterson,
Sten L. Prixter,
PostMaster, U.S.P.S. of Comstock NY, and
United States Postal Service.

ARE BEING SUED IN THEIR INDIVIDUAL AND
OFFICIAL CAPACITIES

Preliminary Statement

        This is a civil rights action filed by Gary Gillard, a New York State Prisoner,
for the Damages and Injunctive relief under 42 U.S.C. § 1983, 1985 and 1986 as well as
under 18 U.S.C. § 1961, 1962 and 1964 RICO ACT.

        Alleging Breach of Duty, Discrimination, Unwarranted Excessive Use Of Force,
Inadequate Medical Attention, Denial to Medical Care, Denial of Due Process, Denial Access
to the Court, Denial Freedom of Speech, Inadequate Inmate Grievance Program, Theft of Legal
Mail, Theft of Personal Mail, Failure to Process Felony Complaints, Conspiracy, Cruel and
Unusual Punishment, Theft of incoming food package items, denial to package items, Filing
of False Statement, Filing of False Misbehavior Reports, Retaliation, Reprisal, Threats of
Bodily Harm, Hate Crimes, Negligence, Failure to Protect, Breach of Sworn Oath as Public
Servants, Altering Medical Records, Unhumane Treatment of Prisoners and the Plaintiff,
Racketeer Influence and Corrupt Organization and Enterprise Corruption which collectively
constitutes violations of the First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth
Amendments and Articles thereof the United States of America's Constitution.

        The Plaintiff also alleges the Torts of Vigilante Gang Assault and Battery,
Discrimination, Hate Crimes and Negligence.

                              JURISDICTION

        This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1339,
1343, and 1391(b)(c) and (e).

        The Court has Supplemental Jurisdiction over the Plaintiff's State Law Tort Claims
under 28 U.S.C. § 1367.

PARTIES

1. The Plaintiff Gary Gillard, was incarcerated at Great Meadow Correctional Facility ( COMSTOCK ) during the events described in this complaint which are ongoing and continuing.

2. Defendants Craig Rosati, Gregory Beecher, Michael Paige, Jeremy Burch-John Doe #1. Kelly Doyle-John Doe #2., Richard Lapan, Arthur Harris-? Harris, John Rostai, Curtis Poirier, Jason Abraham-J. Abraham, Edward Carpenter, Scott Bishop, Eric Rich-E. Rich, Donald Smith-John Doe, David Skellie, Scott Hamel, Sean Corrigan, Michael Mussen; are all Correctional Officers Employed at Great Meadow Correctional Facility, By New York State Department Of Correctional Services, and are Civil Servants of New York State Sworn to up hold all the Laws of the State Of New York and The United States of America, They are sued in their Individual and Official Capacities.

3. Defendants Colin Fraser-Andrew Frazier, Andrew Frazier-Andrew Frazier, Darin Williams, Matthew Sabo, William Kilne, Michael Hoy, are Correctional Sergeants Employed at the Great Meadow Correctional Facility, by The New York State Department of Correctional Services and are Civil Servants sworn to up hold the Law of New York State as well as the United States of America, They are sued in their Individual and Official Capacities.

4. Defendant Peter Besson, is a Correctional Lieutenant Employed at Great Meadow Correctional Facility by the New York State Department of Correctional Services, a Civil Servant of New York State Sworn to up hold the Law of New York State and The United States of America,He is sued in his Individual and Official Capacities.

5. Defendant Brandi White is Employed at Great Meadow Correctional Facility as the Supervisor of the Inmate Grievance Program, She is sued in her Individual and Official Capacities.

6. Defendant Kathy/Karen White- Kathleen white is Employed at Great Meadow as the Freedom of Information Officer, She is sued in her Individual and Official Capacities.

7. Defendant John Doe #3-Fisher Nesmith is Employed at Great Meadow Correctional Facility as Physican's Assistant, He is sued in his Individual and Official Capacities.

8. Defendant Jane Doe #1 is Employed at Great Meadow Correctional Facility as as Nurse, She is sued in her Individual and Official Capacities.

9. Defendants Howard Silverberg, Clinical Physician II and William Redmond Nurse Administrator both are Employed by Great Meadow Correctional Facility, and are sued in their Individual and Official Capacities.

10. Defendants R. Eastman-Rod Eastman and s. Rowe-Stephen Rowe are both Employed at Great Meadow Correctional Facility as Correctional Captains, Sworn to up hold the Law of New York State and the United States of America, and of which are Civil Servants Employed

3

by New York State Department of Correctional Services, they are sued in their Individual and Official Capacities.

11. Defendants David Carpenter, Thomas Forbes, Karen Lapolt,  Richard Potter, Patrick Vanguilder, and David Rock are employed at Great Meadow Correctional Facility as the Administrative team whom are Sworn to an Oath to up hold the Laws of New York State and United States of America, and are Civil Servants of New York State, controlling all functions within said correctional facility, and are being sued in their Individual and Official Capacities.

12. Defendants ? luidquist-Chris Lindquist, Karen Bellamy, Donald Selsky, Richard McDevitt, George A. Glassanos, Chad Powell, Lester N. Wright, Vern Fonda, Richard Roy, Lucien J. Leclaire Jr., Anthony J. Annucci, Brian Fischer, are all Employed by New York State as the Commissioner and Assistant Commissioners, Counsel, and Directors of The New York State Department of Correctional Services Corporation/Incorporation, appointed by the Governor to over see all Correctional Facilities in New York State, they are all sued in their Individual and Official Capacities.

13. Defendants Deborah Clark, Peggy J. Lafferdo, and Daniel L. Steward are Employed by the State Commission of Correction as a watch dog agency to ensure Correctional Facilities are not abusing prisoner's in part, By the State Of New York, and are being sued in their Individual and Official Capacities.

14. Defendant James M. Bogin is employed by New York State and Federal Funds to assist prisoners in assault cases, and other areas of need, he is Employed by Prisoner's Legal Services of New York, He is being sued in his Individual and Official Capacities.

15.  Defendant David L. McNutty, is Employed by the New York State Policy Sworn by Oath and a Public Servant to up hold the Laws of New York State, investigate criminal acts and file of felony complaint with the Attorney General and Local District Attorneys when Crimes have been committed and brought to his attention, He is sued in his Individual and Official Capacities.

16. Defendant Kevin Kortright, is Employed by the Washington County District Attorney' Office as the District Attorney within The State Of New York, who job is to investigates criminal complaints and felony complaints and prosecute the same, he is a Public Servant and a Civil Servant sworn to by Oath to up hold the Law of New York State and the United States of America, He is being sued in his Individual and Official Capacities.

17. Defendant Eliot L. Spitzer, EX-Attorney General and Andrew M. Cuomo, current Attorney General both of the State Of New York Public and Civil Servants are employed to protect the people of New York State and prosecute criminal acts committed by New York State Employees and Busniess, They are sued in their Individual and Official Capacities.

4

18. Defendants Eliot L. Spitzer, Ex-Governor and David Patterson Current Governor are employed as Public and Civil Servants of the State of New York for the People of New York and Governs all New York State Correctional Facilities and conduct thereof are being sued in their Individual and Official Capacities.

19. Defendant Stan L. Pritzer is a Washington County Supreme Judge and hears cases from New York State Prisoners on Article 78 proceedings and is a Public Servant Sworn to up hold the Law of New York State, He is being Sued in his Individual and Official Capacities.

20. Defendant PostMaster, is Employed by the United States Postal Services within New York State, County of Washington, Town of Comstock, He is sued in his Individual and Official Capacities.

21. Defendant The United State Postal Services are a Mailing agency that controls and supply all mail and legal mail services to the United States Of America and to New York State Prisons and are paid to provide services which are not being given after payment is made, they are sued in their individual and Official Capacities.

22 All the Defendants named herein have acted and continue to act under the color of State Law and Color of Federal Law at all times relevent to this Complaint, Interfering with the Constitutionally Protected Rights of this Plaintiff.

## STATEMENT OF FACTS

23. The Plaintiff is a prisoner within New York State Department of Corrections, serving (4) 20 consecutive years sentences of which do to the crime's convicted of after trial, the Plaintiff has continuously been Abused, Harassed, Threatened, Assaulted, Personal Property Broken /destroyed and or stolen by officers, Theft of Mail and Theft of legal mail, Theft of Incoming Package Items and Foods. All Complaints and Grievances have been Deliberately and improperly investigated and denied, All Medical Attention for Beatings, Injuries, and request for pain medications have been denied, All request for Criminal Charges to be filed for the continued crimes of Assault, Vigilante Gang Assault, Robbery, Harassment, Threats, Theft of Mail and Theft of legal mail, have been denied by All State and Federal agencies as well as All Institutional Agencies and Watch Dog Agencies, New York State Police, New York Attorney General's Office, Local District Attorney's Office and the Governors Office of New York State. Thus allowing the continued criminal conduct within all of New York State Prisons by State Employees against any and all prisoners and this Plaintiff for filing Grievances for the unprofessional conduct, Harassment, Assault, theft of mail, theft of items from package room, destruction of cell items in cell search, which are all done in Retaliation and Reprisal of which is never properly investigated because the investigations are conducted by the same staff whom are sanctioning and committing the act or ordering the

5

act to be committed.

This Plaintiff has been given false reports for allegedly violating rules in Retaliation to complaints, Officers have requested to other inmates to harm the Plaintiff and have deliberately expose the nature of the crime of conviction to ensure inmates will not assist the plaintiff in any legal actions and or give suppoting statements to help expose the conduct by these Defendants Officers and co-workers. This Plaintiff has done everything to live within the rules and followed all legal proper procedures to addressing the issues stated herein with all agencies without any relief and or correction to the unprofessional conduct, but has received the beating, assaults, cell destructions mail theft, package theft and continued harassment and Retaliation. These defendants have not only Violated the Federally Protected Rights of This Plaintiff they have Violated there Sworn Oath to Up Hold the Law's within New York State and the United States of America and the Constitution thereof, deliberately refusing to defend and process Court actions against State employees for crimes of Robbery, Assault, Harassment, Retaliation, Mail theft and deliberate acts to torture this Plaintiff, therefor this Complaint and action is filed against all named defendants for there failure to perform there sworn oaths and duty Failure to protect, Failure to supervise, Failure to Investigate, Failure to stop and or correct, the unprofessional unconstitutional abusive of this Plaintiff and deliberately interfering with all legal rights protected by Federal Law and Constutions.

MISUSE OF FORCE

24. On September 17, 2007, The Plaintiff was informed to go to 1 gallery the A-man Officer Gregory Beecher wanted to see him, Officer Gregory Beecher is A-man and acting supervisor of A-block. Upon the Plaintiff reaching the area the Plaintiff asked why he was called down, Officer Gregory Beecher stated to the Plaintiff he had to go to a interview within the sergeants office. The Plaintiff stated he refused and requested to return to his cell, Officer Gregory Beecher states "QUOTE" YOU CAN'T REFUSE AND I WILL PERSONALLY DRAG YOU THERE IF I HAVE TO, HOPEFULLY THEY WILL GIVE YOU A BEATING WHEN YOU GET THERE YOUR A RAT, WHAT'S UP WITH YOUR CELL ANYWAY CLEAN IT UP BEFORE I RIGHT YOU A MISBEHAVIOR REPORT UNDERSTAND ASS-HOLE. The Plaintiff stated at that time the cell was destroyed in a cell search and is waiting for review by grievance and or superintendent so a report would assist the Plaintiff's allegations of unprofessional conduct of staff doing cell search.

25. On September 17, 2007 at 9:30 am as officer Gregory Beecher was talking Craig Rosati in a hostal loud tone stated to the Plaintiff QUOTE "GET ON THE WALL ASS-HOLE" the Plaintiff complied as Officer Craig Rosati directed the Plaintiff to put his hands on the wall and spread his legs and "stated to spread them more" The Plaintiff informed officer

Craig Rosati that he has a bad back at which time Craig Rostai did kick the inside of the left foot as the Plaintiff was trying to comply to spreading the leg for a pat frisk, the kicking of the leg was so hard the Plaintiff did loose his balance as Craig Rosati did punch, hit, knee and kick the plaintiff as he was falling and on the ground yelling,"YOU PIECE OF SHIT MOTHER FUCKER, YOUR A BITCH, GET UP BITCH COME ON FIGHT ME, JUST LIKE I THOUGHT YOU A FUCKEN BITCH, NOW GET UP AND PUT YOUR HANDS IN YOUR POCKET, BEECHER I'M GOING TO WALK MY NEW BITCH TO THE INTERVIEW ROOM. As these events were taking place inmates from the Plaintiff's company was walking by and did see these events taking place and did see this Plaintiff thrown to the floor and did file statements to that fact to Inspector General in an investigation.

26. The Plaintiff was taken to interview room by Craig Rostai and did inform Lieutenant Peter Besson of the incident and requested medical attention for injuries to back, neck, shoulder and legs, Lieutenant Peter Besson stated he was not there for that and only interviewing the Plaintiff for the cell search complaint. The Plaintiff stated it was his duty and responsibility to report any unwarranted use of force and ensure the Plaintiff receives emergence medical attention. Peter Besson denied all the Plaintiff's request then escorted the Plaintiff to his cell location to review the cell damages to the cell search destruction which served no institutional purpose other then retaliation to complaints filed. Lieutenant Peter Besson still filed a false report to cover up the use of force and cell destruction incident and justified the violations of Policy and Rules violated by staff. The plaintiff was instructed to clean the cell by Peter Besson that was destroyed on 9/5/2007.

27. About 2 pm September 17, 2007, Keith Hendry correctional Sergeant did come to the Plaintiff's cell which was for a grievance complaint investigation, the Plaintiff requested emergency medical attention do to the unwarranted Assault of 9:30 am that very morning, all request where denied and disregarded.

28. The Plaintiff did notify his family directing them to call the facility, filed a grievance, filed a formal complaint to the superintendent and sent documents to inspector General's office as well as to other agenices of New York State Attorney General's office, local district attorney and new york state police.

29. On around and about September 20-23 2007 the plaintiff was called out of his cell by correctional sergeant Michael Hoy who did take the Plaintiff to the medical department where he was stripped down, photo's taken of his body, and given medication for the pain, medications given was Cyclobenzaprine 10mg and Naproxen 500mg for injuries to back, neck, ribs, and ankle area and given a brace for left ankle and xrays taken of left ankle area the plaintiff was seen in Examination room #1.

30. On October 25, 2007 the Plaintiff was informed by inmates's he had legal mail, officer's refused to let Plaintiff retrieve the legal mail and the mail was Allegedly returned to sender, stating INMATE REFUSE TO SIGN.

SECOND MISUSE OF FORCE INCIDENT, VIGILANTE GANG ASSAULT AND BEATING.

31. On January 25, 2008 a grievance was filed for the officer working over night January 24, 2008 11 pm-January 25, 2008 7am tour, for the continued banging on gate every round made, to harass plaintiff and in retaliation to complaints made against unprofessional conduct of staff prior to this date as well as smelling of Alcohol on the breath of this officer.

32. January 28, 2008 the plaintiff was informed he had a medical trip, in retaliation to the complaint of January 25, 2008 the officers refuse to give the Plaintiff any meal for breakfast, and did not wake the Plaintiff up one hour prior to the pick up, The Plaintiff forced to get up, without meal go to area for search and cuffs denied meal, cuffed from ?? and got stuck up until 7:am and cuffed until 8:pm that same day and only given ?? upon returning to facility, Upon reaching the company to enter the same officer Michael Paige was within the Bubble and stated quote "HOW DID YOU SLEEP THE OTHER NIGHT" referring to the banging on the cell all night, the Plaintiff just walked to his cell.

33. On January 31, 2008 the Plaintiff was in his cell resting as an officer banged on the cell calling "Gillard get up you have a interview with the sergeant, The Plaintiff informed John Doe #1 he refused, John Doe #1 stated quote " YOU CAN'T REFUSE" , at which time another officer John Doe #2 came into view and was wearing blue leather gloves and had a stick in his hands, blue leather glovers are used for assaults against inmates to protect the officers hands from bruising, The Plaintiff asked to John Doe #1 why was John Doe #2 their with gloves on and a stick out, John Doe #1 stated "HE'S JUST WITH ME BECAUSE HE HAD NOTHING ELSE TO DO. The Plaintiff did go to the investigation against his better judgment.

34. Upon the Plaintiff entering the Sergeants office he was directed to sit down and do not take his hands out of his pockets. Andrew Frazier correctional sergeant asked the Plaintiff what grievance has he filed lately, The Plaintiff informed the sergeant he was not sure of which ones he was speaking about and could the Plaintiff see the grievance, Andrew Frazier stated no, at which time again asked what grievance's have been filed and the Plaintiff stated the one from January 25, 2008, That's the one Andrew Frazier stated, so what happened, The Plaintiff explained the issue at which time officer John Doe #1 slamed the Plaintiff's face into the cabinets and continued to press in the right ear area with his

8

thump as he directed the plaintiff to tell the sergeant Andrew Frazier what he wanted to know, Andrew Frazier stated that Officer Michael Paige has been on the job 25 years and is a good man now you are trying to fuck that all up before he retires, now did you smell Alcohol on his breath, The Plaintiff stated yes, John Doe#1 again stated tell the sergeant what he want's to hear, did you smell Alcohol on the Officers breath Andrew Frazier asked a second time, Plaintiff again stated yes, John Doe #1 became more hostal pushing harder into the ear area seeking to put pain on the pressure point, stating again tell the sergeant what he wants to hear, did you smell Alcohol. Andrew Frazier asked, The Plaintiff stated no. Andrew Frazier stated Good and then informed the Plaintiff he was going to sign off did he understand the plaintiff in fear agreed.

35. Andrew Frazier then came near to the Plaintiff and offered him the I.D. Card and as the Plaintiff was directed to take it, Andrew Frazier hit the Plaintiff in the face and nose area, John Doe #1 punched the Plaintiff in the right side of the jaw as John Doe #2 punched the Plaintiff in the back, ribs, and shoulder areas, John Doe #1 tried to take the Plaintiff's hands out of his pocket stated "I can claim you Assualted me and I can break your arms, The Plaintiff was in the floor as this Vigilante Gang Assault

36. Shortly after about 20 to 30 punches, slaps and blows where thrown the assault stopped as they saw the Plaintiff dazed and injured, John Doe #1 state " YOU BABY RAPING MOTHER FUCKER PIECE OF SHIT, RAPING A 9 YEARS OLD GIRL, YOU GOT WHAT THE FUCK YOU NEEDED, YOU SHUT YOUR MOTHER FUCKEN MOUTH, STOP WRITING GRIEVANCES AND MAYBE YOU"LL LIVE A LITTLE LONGER." Andrew Frazier stated " IF YOU FILE ANY MORE GRIEVANCES WE ARE GOING TO BREAK BOTH YOUR ARMS AND LEGS AND THAT IS PAINFUL, DO YOU UNDERSTAND", the Plaintiff stated yes in fear of being killed right there. John Doe #1 stated " GET UP OFF THE FLOOR AND BACK INTO THE SEAT", the Plaintiff was dazed with both hands in the pocket siting on both legs dazed, trying to lift himself up but was not moving fast enought, John Doe #1 did grad the face of the Plaintiff lifting him up and slaming him into the chair/stool, John Doe #1 stated "WE ARE GOING TO TAKE YOU BACK TO YOUR CELL, YOU ARE NOT GOING TO SPEAK TO ANYONE AND IF YOU DO ANYTHING I AM GOING TO SAY YOU HIT ME, PLANT A WEAPON THEN BREAK BOTH YOUR LEGS AND ARMS AND GIVE YOU A NEW CHARGE, DO YOU UNDERSTAND" again in fear of being killed the Plaintiff stated yes in agreement to all that was said.

37. Upon returning to the block area Officer Richard Lapan who was A-man did see the injuries of the Plaintiff's face as he passed by and failed to document and or document entry in Block log book for the removal from cell and or the returning to cell of the Plaintiff and or of the injuries he did see.

38. The Plaintiff was ordered to stand under the stairs as John Doe #1 and John Doe #2

stood guard and Andrew Frazier went and got the grievance from Michael Paige working  3 and
4 gallery's of A and B blocks control bubbles. Upon Andrew Frazier stated to the Plaintiff
he was going to sign off then he signed it and started acting like he wanted the Plaintiff
to get out of the area and directed John Doe #1 and John Doe #2 to take Plaintiff back to
his cell.

39. While being returned to the company which was the second floor, the inmates on the
company did witness the Plaintiff's injuries and did file Affidavits statements as to the
injuries and the fact the Plaintiff was taken out of his cell and returned 30 minutes later
by the same John Doe #1 and John Doe #2.

40. Upon Officer Richard Lapan A-man of A-block giving out call out slips he was
informed by the Plaintiff the Plaintiff was throwing up blood two times and needed Emergency
Medical Attention, also the Plaintiff asked did he log in the Block log book that the Keep
Lock inmate "THE PLAINTIFF" was taken out of his cell for a sergeant interview, Officer
Richard Lapan stated NO he did not log any movement from A-2-18 and in fact he stated "I
DON'T KNOW WHAT IS GOING ON". The Plaintiff informed Officer Richard Lapan he was
beaten by the Sergeant and two officers and the fact he was never logged any movement in and
out of the cell must be a conspiracy to harm the Plaintiff, Officer Richard Lapan
walked away.

41. Officer Z Harris was the officer opening the company and cell's and work's within
the bubble with Officer Michael Paige, and did open the cell and company knowing that a
conspiracy was being committed to harm this Plaintiff, he witnessed the Bruised face of
Plaintiff and laughed, he failed to report any use of force and aided in the access to the
Plaintiff being beaten in Retaliation and Reprisal to a complaint and grievance filed
against his co-worker and night shift partner Michael Paige.

42. On February 1, 2008 company Officer Leroy Monroe was informed about 8:00am the
Plaintiff needed Emergency Medical Attention do to the throwing up of blood. The Plaintiff
was informed by Leroy Monroe upon return of Chow run that the Block officer was informed and
notified which is the A-man.

43. On February 1, 2008 about 9:15 am John Doe #3 facility nurse came to the
Plaintiff's cell and asked what is the problem, the Plaintiff informed John Doe #3 that the
night prior he was beaten up by Andrew Frazier, John Doe #1 and John Doe #2 and that the
Plaintiff was throwing up blood two times the night of January 31, 2008 and also showed John
Doe #3 the bruises, black & blue eye, ear and nose, John Doe #3 walked away saying nothing.

44. On February 1, 2008 about 12: 50 pm a officer came to the Plaintiff's cell
informing the Plaintiff he had a interview with Michael Hoy block sergeant, the Plaintiff
was taken to Medical department ordered to strip down and a examination done to the face and

body of the Plaintiff, as well as questions asked as to what happened by sergeant Michael Hoy, the female nurse upon seeing the bruises asked what is it a fight, sergeant Michael Hoy stated no ALLEGED ASSAULT BY STAFF, at which point Jane Doe #1 refuse to document all areas of bruises, and acted as if no area was injured, The Plaintiff informed the Jane Doe #1 the right ear and right eye was in a lot of pain and requested the ear be looked at more closely of which she did and then a officer came into the room and took picture of all injuries and bruises placed the disc in a little yellow envelope and marked it GILLARD, 01-A-1613 Exam. rm #3. John Doe #3 did come in and also look at the ear and face and did speak with Jane Doe #1 out side the door and believe it was asked what should she do as directed she did not document any injuries to ensure there is no record of injuries, even though ex-rays where taken no medication was given for the pain and or concern of throwing up of blood was shown.

DELIBERATE INDIFFERENCE,
DISCRIMINATION AGAINST SEX OFFENDERS,
INADEQUATE MEDICAL CARE AND DENIAL ACCESS TO MEDICAL TREATMENT,
CRUEL AND UNUSUAL PUNISHMENT,
COVER UP FOR OFFICER THE BEATINING AGAINST PLAINTIFF,
FAILURE TO DOCUMENT INJURIES,
BREACH OF SWORN OATH OF DUTY AND OFFICE,
TAMPERING WITH EVIDENCE AND ALTERING MEDICAL RECORDS,
RACKETEER INFLUENCE AND CORRUPT ORGANIZATION.

45. On September 4, 2007 a grievance was submitted for denial medical attention requested, staff continue to state the Plaintiff will be seen by the Doctor within 10 days and is never called back to medical department and not seen by any one cause to suffer in continued pain.

46. On September 17, 2007 MEDICAL SERVICES REQUEST was submitted requesting to be seen by a doctor do to the beating and assault by officer which did injure the neck back and ankle areas with pain also in the torso area this was emergency request, this request was denied.

47. On September 19, 2007 a second request was filed to medical department requesting to be seen by sick call for x-rays and medication for pain do to injuries of beating, sick call denied.

48. On September 29, 2007 the Plaintiff filed a letter to whom he believed to be the Nurse Administrator at the time about given a incell feed up but inmate feed up workers are stating the Plaintiff is not on the feed up list and officers are refusing to open the cell

and allow the Plaintiff to receive meals, no reply was received.

49. On October 4, 2007 the Plaintiff again requested sick call and to be seen by medical provider for x-rays and neck brace for injuries and pain of neck area, request again denied.

50. On October 17, 2007 the Plaintiff was given a call out for interview with a physical therapist, of whom stated the Plaintiff had two problems and it will not help him to undergo Physical Therapy, also a long letter was sent to again Nurse Administrator Michele Czerwinski explaining the interview and my need to see a doctor, the letter was never addressed by any one within medical department and against my wishes the facility still ordered the physical therapy under Fraud of which the therapist still got payed even thought the Plaintiff never showed up and the facility was informed the Plaintiff was not going to attend any such therapy because it does not work and has been tried three times without relief, no reply to any concerns of Plaintiff.

51. The Plaintiff filed a grievance on October 29, 2007 with the letter of October 17, 2007 as exhibit, grievance denied.

52. On November 2, 2007 the Plaintiff filed a grievance again for denial to see a doctor, and ordered to rewrite the grievance of October 29, 2007 because of the statement of assault by staff, Sergeant Williams the grievance hearing sergeant held the hearing with out the Plaintiff and stated the plaintiff will be seen after the therapy is completed, it was clear the Plaintiff was not attending any therapy but was still denied all access to doctor, hearing was held 11/19/2007 the response was received 11/26/2007, sergeant Williams has taken a personal interest in all grievances filed by this Plaintiff and has denied each and every grievance filed false responses, and or dismissed grievances to protect the unprofessional deliberate conduct of staff within Great Meadow Correctional Facility this grievance no. was 44-256-07

53. The superintendents response was by Richard Potter deputy superintendent of administration stating the grievant will be seen once the 4 weeks of physical therapy is completed, again having knowledge the Plaintiff was not attending any such therapy why cause him to wait continued denial access to medical care deliberate indifference

54. Chris Lindquist of CENTRAL OFFICE REVIEW COMMITTEE denied the grievance 44-256-07 stating they uphold the determination of the superintendent, stating the Plaintiff will be seen for his back pain in the near future to date nothing has been done about the back, neck and spine pain, and to address any similar concerns through sick call, all sick call request have been denied.

55. The Plaintiff wrote a letter to Nurse Administrator whom was now believed to Korum on November 13, 2007 no reply received.

12

56. The Plaintiff filed a MEDICAL FILE REVIEW AND NAME OF PHYSICAL THERAPIST AND ADDRESS TO HIS PLACE OF BUSINESS this request was not responded to in part and the x-rays where denied access stating The Plaintiff was not a doctor so why did he want to see these x-rays all request denied, this was notarized on November 20, 2007.

57. On November 26, 2007 a letter was written to Dr. Silverberg requesting medical attention, no reply received.

58. A letter was written to Brandi White, inmate grievance program supervisor requesting the supporting documents which are believed to have been taken out to ensure no fair hearing of all facts can be reviewed, Brandi White is also the Co-worker of Sergeant Williams and both of these defendants have continued to deliberately undermind the grievance program and all policies and rules to ensure the continued protection of there fellow officers and staff, thus breaching there duty, covering up criminal acts and conduct by staff and medical department alike.

59. A grievance was filed for denial access to medical records and failure to follow medical HIPAA guide lines, no response received to date.

60. A letter was written to Steven Van Buren Regional Health Services Administrator by request of Dr. Lester Wright stating the health care needs are being met, stating to also use the sick call procedures which has been done with out any relief and or access to see a doctor.

61. January 2, 2008 a sick call request was again submitted for left shoulder out of place and pain in neck and back, on January 3, 2008 I was seen in sick call hospital area, nurse could not find the Plaintiff's medical file and denied the Plaintiff anything for pain and or relief stating he will put the plaintiff in to see the doctor.

62. The Plaintiff filed a Complaint to Nurse Administrator, Medical Director, Lester Wright, Attorney General, Department of Education and Licensing, Commission of Correction and the Correctional Association of New York on the conduct of the nurse working January 3, 2008 6:am named Ken Verio, no reply recieved.

63. The Plaintiff responded to a letter received by Dr. H. Silverberg dated January 24, 2008, denying access to see orthopedic but recommended to see rehabilitation doctor instend also informing him of the shoulder out of place as well as being black balled do to civil actions against co-workers at another facility and crime of conviction, no response received.

64. January 31, 2008 a sick call slip was filed out requesting to see a doctor do to the beating, throwing up of blood, injury to face neck, ribs and back, sick call was denied.

65. Sick call slip was again filed on February 6, 2008 for back pain, headaches and cold with sore throat, and being kept locked in should have access to sick call and show

13

sick call.

66. Sick Call again was filed on February 13, 2008 for cold in chest, sore throat, pain in face, neck, back and right wrist, denied all access to medical care.

67. February 27, 2008 a request for names and information as of February 1, 2008 examination of beating and injuries, all information denied.

68. The Plaintiff received a letter from Captain R. Eastman, Subject: Written Complaint sent to the Superintendent, Issue denial of a medical callout, which was stated the Plaintiff was informed by sergeant Hoy the staff did not have the Plaintiff as listed being keep lock on 1/24/2008 which is a lie all keep locks are documented in all master callout sheets, also the sergeant Hoy allegedly advised the Plaintiff to submit a sick call slip to address any urgent medical concerns the Plaintiff may have is false no such conversation took place, again all request are being denied so the run around is given again and still denied access to medical this letter was dated, February 28, 2008.

69. March 3, 2008 sick call was requested denied.

70. March 3, 2008 for March 4, 2008 sick call was again filed, and again denied access to sick call.

71. On March 7, 2008 a grievance was filed for denial access to doctor order medical treatment, grievance was granted stating the air split was dispensed on February 29, 2008 which was never received.

72. On April 22, 2008 the Plaintiff was seen by the doctor and again the doctor refused to address the shoulder out of place and back concerns, stating the test was normal which was for nerves not the problems of bones and disc out of place all request for treatment are disregarded and directed in the wrong area to make it appear the Plaintiff is receiving medical treatment when in fact is caused to suffer in daily pain from injuries in back, neck, shoulder, spine, and ankles and right elbow.

73. Again Chris Lindquist of CENTRAL OFFICE REVIEW COMMITTEE stated in the response of grievance GM-45255-08, that the Health Services Director have the sole responsibility for providing treatment to inmates under their care, and to use the sick call mechanism, again all of which have been addressed but medical staff and Director refuse to address these concerns disregarding the continued pain and suffering of the Plaintiff and filing false misleading informations to all agencies outside of Great Meadow Correctional Facility

74. Jane Doe #1 is the same nurse who did both use of force incidents reports, and deliberately filed false information to cover up the deliberate assault and beating's the Plaintiff received from Correctional Officer in Retaliation to Grievances and complaints

14

HARRASMENT, RETALIATION, THREATS, FILING FALSE REPORTS,
MAKING FALSE STATEMENTS, DESTRUCTION OF CELL, DENIAL OF POWER TO CELL,
REPRISAL, CRUEL AND UNUSUAL PUNISHMENT, CONSPIRACY,
TORTURE, INTIMIDATION, BREACH OF SWORN DUTY
FAILURE TO PROTECT,
DELIBERATELY PLACING THE LIFE OF A PRISONER IN HARM'S WAY
RACKETEER INFLUENCE AND CORRUPT ORGANIZATION

75. On January 31, 2008 the cable to cell location A-2-18 was cut of about 1:30 pm about 1 minutes later a officer came to A-2-18 and asked if the Plaintiff was ready, the Plaintiff asked to where he stated MENTAL HEALTH, the Plaintiff informed the Officer he was not going to any mental health callout, but could he inform the block officer the Plaintiff request to speak to the area sergeant because the cable to the cell was just cut off, The officer walked away and no sergeant came to cell, shortly after another officer came to cell A-2-18 with mental health staff Harris of whom was informed of cable being cut in retaliation on complaints this is why the Plaintiff does not wish to see anyone because no one cares documenting these ongoing events against this Plaintiff, mental health staff stated she is not the person to speak to and must see security, the Plaintiff requested of Mental Health to inform area sergeant of this matter and to investigate A-2-18 cell cable being cut, no reply and or relief.

76. Again Grievance was filed, letters sent to Superintendent David Rock and Albany requesting to be placed in to Protective Custody for the continued tamping with the Plaintiff's cell Power and Cable, A correctional Sergeant Keith Hendry did come to the cell and investigate this concern some days later, he checked the cable box and stated there was nothing wrong, he took a T.V. from another cell that was working and tried it in the Plaintiff's cell it did not work, Sergeant Hendry went and got a new Cable and tried it in the Plaintiff's cell again it did not work, it was clear this was deliberately broken by staff on January 31, 2008, as the Plaintiff was watching T.V. it just went blank, it was stated from the superintendent this was no malice and the cable was defective from the back of the cell which was a lie, the Sergeant then moved the Plaintiff out of that cell and block for the alleged reason for fixing the cable problem, when in fact the Plaintiff was moved do to continued Harassment Retaliation and Reprisal by Gregory Beecher and staff of A-block do to continued complaints of Correctional Staff's unprofessional conduct, Assault, and tampering with power to cell and now cable.

77. On February 5, 2008 the Plaintiff was relocated from A-2-18 to the area of C-1-6, This is the block control led

continued to verbally inform all staff working within and that passed through C-block that C-1-6- is a RAT and a PIECE OF SHIT, because this Plaintiff continued to write grievances on the unprofessional conduct and the continued beatings and Assaults being carried out against the Plaintiff.

78. On February 20, 2008 all inmates where ordered out of there cells and forced to stand in hall way as all officers along with JOHN DOE #1 continued to stare at the Plaintiff seeking to intimidate the Plaintiff who has filed complaints and grievances as well as request of Criminal charged be filed for the beating of 1/31/2008, a letter was filed the same day requesting PROTECTIVE CUSTODY, letter never responded to it was addressed to the facility superintendent David Rock.

79. On March 6, 2008 again the Plaintiff was ordered out of his cell again alleging a fire drill, upon returning some 30-40 minutes later the Plaintiffs cell was trashed, documents missing, and items broken such as fan and type writer which cost $345.00. Officer John Rosati was requested to be spoken to but has refused all communication with the Plaintiff, shortly after the area Sergeant came back to the block William Kline and he was requested to be spoken to he refused, about 10 minutes later the power to C-1-6 Plaintiffs cell was cut off by John Rosati, the power to cell was out for some five(5) days.

80. On March 17, 2008 a letter was written to John Rosati do to his continued conduct of calling the Plaintiff a Rat and informing all officers and inmates in area the Plaintiff is a RAT, a copy of this letter was sent to all department officials and watch dog agencies requesting of John Rosati to have this Plaintiff moved do to the continued unprofessional conduct and harassment, all letters where mailed a week before the one to John Rosati to ensure the mail got out and all persons knew the concern of this Plaintiff.

81. On March 18, 2008 John Rosati did turn off the power to C-1-6 stating the Plaintiff was a FUCKEN RAT and wants Protective Custody and that the Plaintiff was scared, John Rosati stated if the plaintiff continues to write he is going to need Protective Custody real bad, this was stated in front of all inmates in area, then John Rosati informed relief officer Raymond Bardin 6 cell's type writer keeps blowing out his power that RAT MOTHER FUCKER make sure he does not get any power.

82. The Plaintiff filed a grievance of that incident and again all grievance responses where to protect the officer and no wrong doing found.

83. On March 21, 2008 the Plaintiff was directed to report to the sergeants office upon entering there was about 7 sergeants all sitting around William Kline stated did the Plaintiff write this letter to the superintendent, the Plaintiff stated yes, William Kline stated the Plaintiff was a BITCH for writing complaints and informed him he will be moving upon returning to the cell the Plaintiff was informed to pack up he was being

packed do to no power in cell for the past 4 days and was moved to B-4-6 the same company that is run by Michael Paige the same officer whom ordered the Vigilante beating of January 31, 2008 because of his overnight harassment of deliberately banging on the gate of the Plaintiff as the Plaintiff slept at night 2, 3, 4, in the morning.

84. Upon going to chow March 22, 2008, 7:40 am Officer Scott Hamel and David Skellie where talking, David Skellie is of C-block and works with John Rosati, Scott Hamel is of B-Block, Scott Hamel stated to David Skellie, while pointing at the Plaintiff that's the one from your block right ? David Skellie put up his fist as to say FUCK YOU, Scott Hamel stated don't worry I got him now, I'll take care of the piece of shit, causing the Plaintiff to live in continued fear, the new block is going to continue the Harassment torture and Retaliation.

85. On March 24, 2008 the Plaintiff was informed he was keep lock for reasons unknown.

86. On March 24, 2008 about 6:15 pm the Plaintiff was let out for a shower at which time the officer in the control bubble was the officer Michael Paige and did give the middle finger to the Plaintiff as the Plaintiff waved to say thank you, who is the officer whom ordered the Vigilante gang assault of 1/31/2008 using Andrew Fraizer, John Doe #1 and John Doe #2 are compiling this hearing for the grievance filed on January 25, 2008.

87. On March the Plaintiff received a misbehavior report for the letter written to John Rosati on March 17, 2008, this report was filed in Retaliation and Reprisal to complaints filed against John Rosati for his continued unprofessional conduct, this report had 5 charges of which were all lies and false, the one charge that the Plaintiff pled guilty with an explanation was to the charges of Facility Correspondence Violation, the harassment, False statement or information, threats, and stalking where all dismissed, John Rosati deliberately tried to add additional charges to ensure the Plaintiff will be sent to the box where they could justify the harm they wanted to commit against the Plaintiff, this was the first fair hearing the Plaintiff has ever received in the past 7 years.

88. The Plaintiff was given a callout March 27, 2008 to the hearing room for what was a interview on the Letter the Plaintiff had written on March 5, 2008 and mailed the same day certified mail, but was not allegedly received until March 21, 2008, about the conduct of John Rostai and his comments about the First Deputy who was a Black man, and stated there's a nigger in the building we have to get rid of him, the Lieutenant asked how many type writer's can the Plaintiff buy, and stated the Plaintiff should not put in the letters the information that the Plaintiff has 80 years sentence, and or that the Plaintiff is a sex offender because this information will get back to officers who will then feed it to inmates.

89. About 1 hour later March 27, 2008 the Plaintiff was taken to a interview with Inspector General for the letter of concern and about the hearing Vigilante Gang Assault.

17

upon being returned to the cell officer informed the control bubble the Plaintiff was Ratting to I.G. who is the Inspector General of New York State Department of Correctional Services and who investigates staff abuse and unprofessional conduct which is usually found without merit, DOCS can not Policy it's self and will not policy it's own.

90. On March 28, 2008 the hearing was conducted and upon returning to the cell the officer Smitty was doing showers, he did 2,3,4,1,5,7, and refused to give 6 cell a shower which was the Plaintiff, the Plaintiff asked if he could have a shower and the officers stated if I get to you I do and if not oh well, Plaintiff never got a shower which started again the Harassment Retaliation and Reprisal of officers within B-block area do to properly filed complaints and Grievances.

91. The Plaintiff noticed a change of mail pattern and all incoming mail stopped, letters which were sent with pictures never received, letters from family and friends which where stated to have been mailed again were not received, during the months of March, and April of 2008.

92. In May numerous legal mail letters were not received and the Officer stated QUOTE " I am not going to play games with you if you expect to get your mail I am sending it back, The officer was informed the Legal mail call if missed must be given a second call the following day per-directive, The Officer stated You want to quote directives you just wont get your mail you'll see, the Plaintiff has been denied legal mail May 1, 2008, May 7,2008, May 12, 2008, May 13, 2008 and possibly other days unknown, this no doubt has effected the Plaintiff's legal cases in State and Federal Court, again this conduct is due to Michael Paige who is the Control bubble officer for B-block and has continued to use any and all staff to Harass, Harm, Intimidate Retaliate and tamper with incoming mail legal and non-legal against this Plaintiff for filing of complaint.

93. On May 20, 2008 about 2:00 pm the Plaintiff was called to the B-Block area desk at which time the Plaintiff was informed he had to report to Grievance office to speak with Sergeant. Keith Hendry, the Plaintiff informed the officer he did not wish to go to the area and to inform the sergeant to process the grievance as the Plaintiff will appeal it, the officer stated hold on then made a phone call informing the Sergeant the Plaintiff did not wish to attend and to process the grievance, the Sergeant directed the officer to send the Plaintiff to the sergeant's office, The Plaintiff again informed the officer he did not wish to go, the officer stated it was a direct order per-sergeant and that the Plaintiff must go, upon going to the area the sergeant produced a grievance filed against officers of B-block and Michael Paige who had tampered with incoming mail, the sergeant directed me to sign off as officers continued to walk into the area and being beaten for the same thing by another and now officer. Then it was to withdraw the grievance in fear of more harm

of that area, this use of Authority to intimidate inmates to withdraw grievances and protect officers who are committing crimes within this facility is common and condoned by all levels of facility Administration, so why is <u>Michael Paige</u> continuously being protected by Sergeants and Officers who are willing to commit criminal acts on behalf and by direction of Michael Paige.

DENIAL ACCESS TO COMMISSARY, RETALIATION, THREATS, HARASSMENT, CONSPIRACY, RACKETEER INFLUENCE AND CORRUPT ORGANIZATION

94. On September 4, 2007 a grievances was filed do to not receiving commissary sheet and believed it to be retaliation to complaint of not receiving items paid for, grievance was denied.

95. On November 29, 2007 a grievances was filed for not being allowed to go to commissary of which this is the area not only to pick up food items but also is the area of which toiletries are given out, this again was believed to be retaliation to complaints against Block officer, grievance name of the officer who did the denying who is now know as E. Rich.

96. On February 13, 2008 again the commissary access was denied and the officer stated he would bring it to the Plaintiff, when he returned there were only 5 stamps this was again believed to be retaliation by officers, a grievances was filed and the requested items where later given to the Plaintiff, grievances filed was denied actions requested, and stating the denial was unintentional error.

97. On March 3, 2008 the Plaintiff was in his cell when an inmate approached him directing him to not to file any more complaints against commissary area and if the Plaintiff had any other issues come to him first and did the Plaintiff understand, this was stated in a threatening manner and seeking to intimidate the Plaintiff, but this was sanctioned by John Rosati the C-block officer who allowed this inmate to come to the cell of the Plaintiff now using inmates to seek the harm of the Plaintiff due to the filing of complaints, the Grievance was written and mailed in but was never processed and destroyed as is a common policy within Great Meadow Correctional Facility.

98. A letter was filed to the Superintendent David Rock on the issue and copie's sent to The Governor of New York State, Commission of Correction, I.G. who is Inspector General, A.G. who is the Attorney General of New York State and The Correctional Association of New York, On March 19, 2008 this letter was stamped received by Attorney General's Officer, on March 28, 2008 this same letter was stamped by NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES

Bellamy director of Inmate Grievance Program, Stating the Commissioner Brian Fischer
referred the letter to her for a response, she stated no grievance was received by facility
Inmate Grievance Clerk, and stated the Plaintiff is directed to address his concerns to
Inmate Grievance Program (IGP) Supervisor, also stated INMATE GRIEVANCE PROGRAM provides
inmates with a orderly, fair simple and expeditious method of resolving grievances, and
stated they will not retain a copy and the Plaintiff must submit grievances and appeals
directly to the IRCG Clerk, this letter was not a grievance, and only informing other
agencies of the ongoing harassment and threats ordered and directed by facility staff, and
the grievances was filed but got destroyed by the grievance supervisor and area sergeant
whom have been seen destroying numerous grievances against staff and of which have been
continuously addressed, so one lie to protect another, the orderly, fair, simple,
expeditious method is to destroy the grievance, or beat the inmate up and force him to with
draw and or just deny it all the way to Karen Bellamy and Chris Lindquist who both undermine
the grievance program to protect the facilitie's and there employees.

CONTINUE DENIAL TO FOIL INFORMATION REQUESTED,
FILING OF FALSE INFORMATION BY FOIL OFFICER,
INTERFERENCE WITH FORMAL INVESTIGATION, BREACH OF SWORN DUTY,
CONSPIRACY, RACKETEER INFLUENCE AND CORRUPT ORGANIZATION

99. On February 4, 2008 a FOIL request was submitted requesting the names of staff who
did VIGLANTE GANG ASSAULT thi Plaintiff and aided in the commission of this criminal act, as
well as the name of the officer who sanctioned the beating who is now know as Michael Paige.

100. On February 25, 2008 again a FOIL request was filed requesting the names of staff
and log book entry of the Plaintiff being taken out of his cell the night of January 31,
2008 and beaten up for the filing of a Grievance against Michael Paige Correctional Officer.

101. On February 28, 2008 the Plaintiff received a FOIL response acknowledging the
request for LEGAL MAIL LOG of 10/26/2008, which was being sought as legal mail was not given
on 10/25/2008 after numerous request legal mail log sheet showed legal mail sheet stated
REFUSE TO SIGN, and alleged this mail was given the following day 10/26/2008, this request
for legal mail log of 10/26/2008 has yet to be received after numerous disbursements have
been forwarded.

102. On February 29, 2008 the Plaintiff received acknowledgment of request for full
names of officers, and Comments WHEN THE INFORMATION IS GATHERED FROM SECURITY YOU WILL BE
NOTIFIED.

103. On March 5, 2008 a response was filed by FOIL officer to the Plaintiff stating the

20

following (1) THIS WILL ACKNOWLEDGE RECEIPT OF YOUR "FOIL" REQUEST IN THIS OFFICE ON: 3/3/08; (2) YOUR "FOIL" REQUEST HAS BEEN DENIED PURSUANT TO THE PUBLIC OFFICER"s LAW/FREEDOM OF INFORMATION LAW WITH THE SPECIFIC SECTION OR THE REASON FOR DENIAL CITED BELOW (g) NO SUCH RECORD EXISTS: NO LOG ENTRY FOR A-2-18 FROM 7:30-8:pm ON 1/31/08 OR ESCORTED OUT OF CELL; (7) the appeals process.

104. On 3/7/2008 a foil response was filed and the Plaintiff was informed to see attached memo from staffing regarding the request of 2/29/2008 of Officers Full Names, all the names where deliberately changed to cover up the names of staff whom committed the VIGILANTE GANG ASSAULT the night of January 31, 2008 7:30 pm ordered by Michael Paige carried out by Andrew Frazier, John Doe #1 and John Doe #2.

105. On 3/17/2008 a foil response was filed, the Plaintiff was seeking the commissary sheet do to denial of access to commissary by officers, stating this commissary buy sheet of 2/13/2008 is 50¢ of which was sent to FOIL office and the Plaintiff never received any response this is the contniued pattern of Foil officer, either refusing to process request or sending false information to cover up and protect staff whom have committed illegal acts and criminal acts against this Plaintiff.

106. On 4/2/2008 a foil response was filed to the Plaintiff, of which was not filed to FOIL officer but was filed to MEDICAL department seeking informations on the day of February 1, 2008 which would support the Vigilante Gang Assault of 1/31/2008, this response stated: MEDICAL EXAM RM LOG BOOK FOR 2/1/08.

107. On April 2, 2008 another response from FOIL officer was filed, The Plaintiff now was in receipt of FOIL OFFICER stating there is one page of A-block log for 1/31/2008 and requested 25¢, this must be a false entry because all staff and the officer himself stated there was no entry made this day and time, is this now do to the investigation by INSPECTOR GENERAL and pictures of injuries.

108. On April 3, 2008 a letter was filed by George A. Glassanos Deputy Counsel of the New York State Department Of Correctional Services, which was in response to informations requested as to the names of Officers who sanctioned and acted on 1/31/2008, in this response it was stated QUOTE" I AM ADIVSED THAT THE LOG ENTRY YOU REQUESTED DOES NOT EXIST, NOR ESCORT OFFICERS DURING THAT TIME PERIOD. I AM ALSO ADVISED THAT NO OFFICER NAMED BEECHER WORKED ON A-BLOCK ON OCTOBER 17, 2008 AT 9:00 A.M. FURTHER THE NAMES OF THE OTHER INDIVIDUALS YOU REQUESTED WERE PROVIDED TO YOU, YOUR APPEAL IS DENIED IN ACCORDANCE TO THE ABOVE". now he states no documents exist, but FOIL officer just informed the Plaintiff they do, First they don't, then they do, now they don't coverup, lies, and creating of documents.

109. On April 8, 2008 the Foil Officer filed a response to the Plaintiff on MEDICAL DESK LOG BOOK 2 pages and requested 50¢ against disbursement was completed and given

officer and to date no documents received.

110. On April 9, 2008 a response was sent to Deputy Counsel George A. Glassanos of The New York State Department of Correctional Services informing him the Plaintiff see's the coverup and his response was and is a lie.

111. On April 25, 2008 the Plaintiff filed a request for copies of law libary request for supply's and books as the Plaintiff was being denied access to copies and requested forms law libary stated in the grievance these forms where never requested, copies of supply request whould show there were, also the names of all officer's working January 31, 2008 seeking to find the names of all defendants whom committed the VIGILANTE GANG ASSAULT and who ordered the same which is all now known.

112. On April 30, 2008 the FOIL OFFICER filed this response to the Plaintiff (1) RE:#2and #3 of your requests names of C.O.s ; (2)(g) #4 no such log of every employee who works on a specific date; (7) appeal address (8) #1 you have no spendable money to purchase documents see attached money attached stated: Your inmate account was checked on 4/30/2008 and it clearly states you have insufficient to cover the cost of the documents. it is the policy of this agency not to advance funds for FOIL copies nor to provide them free of charge, in fact the account was closed for commissary and there was $43.17 in the account, but this was used to deny the Plaintiff access to this information to ensure there could be no supporting document in the grievances against law library office whom had deliberately lied and now had contacted FOIL officer to make sure these documents did not get produced. why was the account checked that day when the request was made five (5) day prior...Conspiracy and cover up, by Kathy White.

113. On May 1, 2008 the Plaintiff filed a request for Foil of legal mail log book entry do to officers refusing to give the Plaintiff his legal mail, the Plaintiff is on the Fourth floor and has a bad back which has been reinjured two time by assaults from staff and in fear of night shift officers who are unsupervised  and allowed to assault and abuse inmates this Plaintiff do not got to even chow, and the officers want inmates to go to the desk to get the legal mail, but if the Plaintiff doe's not go to chow he is informed by inmates there is legal mail, the officers whom makes rounds refuse to bring the mail to the Plaintiff and claims he is returning the mail to sender, when in fact directive stated if mail call is missed they must make a second attempt to give the mail to the Plaintiff this is not being done, so seeking the information of the log entry of legal mail to support the grievance being filed, foil request have been filed for documents of May 1, 2008, May 7, 2008, May 12, 2008, May 13, 2008 and May 14, 2008 with a appeal sent to Albany, New York State Department of Correctional Services.

114. On 5/13/2008 Kathy White FOIL Officer did file a response to the Plaintiff For

22

legal mail log 5/1/08 & 5/7/08,

115. Kathy White Foil Officer filed a response on 5/15/2008 for legal mail log 5/12/2008 5/13/2008 5/14/2008.

116. On 5/15/2008 Kathy White filed a response as to the names of staff to the Plaintiff which was only the acknowledgment.

117. On 5/20/2008 Kathy White now filed a response to the Plaintiff stating which door was the the Plaintiff seeking the name of area sergeant again stall tactic being used to deny this Plaintiff access to the names of officers and staff who are responsible for the VIGILANTE GANG ASSAULT and continued harassment and retaliation against this Plaintiff.

BREACH OF DUTY BY GRIEVANCE SUPERVISOR
HARASSMENT, RETALIATION, AND REPRISAL,
CONSPIRACY BY IGRC PROGRAM STAFF BRANDI WHITE AND DARIN WILLIAMS
FALSIFYING DOCUMENTS, COVER-UP STAFF MISCONDUCT
RACKETEER, INFLUENCE AND CORRUPT

118. On July 18, 2007 a grievance was submitted for filing, TITLE : DISCRIMINATION BY INMATE GRIEVANCE PROGRAM, 43-349-07 pertaining to dismissed grievances, this grievances as well was dismissed to protect staff's wrongful conduct and cover up.

119. On July 23, 2007 a grievances was again submitted TITLE : DENIAL TO PROCESS HEARING AGAINST STAFF, here IGRC was choosing which grievances they wanted to hear any grievances against key staff and or areas of importance are dismissed other common issues are heard, so why was some heard and another dismissed the same day.

120. The Plaintiff wrote a letter on August 22, 2007 to Karen Bellamy Director of Inmate Grievance Program about the ongoing conduct of Brandi White and staff, the Plaintiff explained all the issues within grievance program without relief.

121. The Plaintiff wrote a letter to BRANDI WHITE about the numerous responses being received with the spelling of the Plaintiff's names wrong, the Plaintiff's name is spelled Gary Gillard, IGP wrote, Gary Silliard, the response was written on the letter CLERICAL ERROR THANK'S FOR THE LETTER, this is the ongoing harassment and unprofessional conduct implying what the plaintiff is a RAT or SEXUAL OFFENDER.

122. On 9/19/2007 the Plaintiff wrote another letter to BRANDI WHITE IGP Supervisor, subject: THREATS UNPROFESSIONAL CONDUCT AND HARASSMENT, ON 9/21/2007 the letter was returned with this comment QUOTE: THANK YOU FOR YOUR LETTER. WE WILL NOT PUT YOUR NAME ON ANYMORE CALLOUTS. ALSO AS I HAVE INFORMED YOU, IT WAS A CLERICAL ERROR WITH THE "S" INSTEAD OF "G" IF YOU DON'T WANT ANY MORE HELP FROM THIS COMMITTEE, YOU ARE ADVISED TO WRITE OTHER

23

DEPARTMENTS THIS IS A PROGRAM SET UP TO HELP INMATES WITH PROBLEMS IF YOU WILL NOT TALK TO US OR COME TO ANY HEARINGS, IT BECOMES IMPOSSIBLE FOR IGRC TO HELP YOU. UNQUOTE" there is no help from the conduct of staff, no grievance filed has ever been granted to this Plaintiff and no action requested has been responded to the grievance system does not work against staff's unprofessional conduct and facilities unconstitutional policys fact.

123. The Plaintiff filed a grievance TITLED: HARASSMENT REPRISAL AND CODE OF ETHICS VIOLATIONS TO GRIEVANCE POLICY AND DIRECTIVE 4040, BY BRANDI WHITE, SGT. WILLIAMS, CHAIRPERSON, CLERKS, REPS AND ALTERNATE REPS. This  grievance was denied and dismissed.

124. The Plaintiff wrote a letter with a complaint about the conduct of INMATE GRIEVANCE PROGRAM, no response received.

125. The Plaintiff wrote a FORMAL COMPLAINT dated November 15, 2007 to the superintendent DAVID ROCK no reply recived.

126. The Plaintiff wrote a grievance dated November 19, 2007  TITLED : Grievance procedure and policy, denied and dismissed.

127. The Plaintiff sent numerous complaints to BRIAN FISCHER the commission to NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES , staff's conduct is justified always making it seem the Plaintiff does not know what is wrong and right, and because they have the last word they are always right and staff is never wrong.

128. On December 1, 2007 a letter was written by PAUL VANGUILDER Deputy Superintendent of Security stating he was responding for the superintendent  on the allegations of harassment and threats by IGRC STAFF and do to a grievance filed 44-360-07 on the same issue he was not going to investigate but allow the grievance to be the investigation, how can the facility grievance staff investigate it's own unprofessional conduct.

129. On December 14, 2007 a letter was written to BRANDI WHITE about the grievance 44-360-07 of which the Plaintiff did not know which complaint was given that number do to the facility not returning the grievances if it's a code 49 and or being reviewed by the alleged superintendents office, when in fact is completed by BRANDI WHITE of IGP, no response recived.

130. On January 3, 2008 which was documented as January 3, 2007 the Plaintiff did write a grievance TITLED : IMPROPER PROCESSING AND FILING OF GRIEVANCE'S SUBMITTED, the out come is unknown as many grievances where never responded to or this Plaintiff never received any response for appeal.

131. On January 16, 2008 CENTRAL OFFICE REVIEW COMMITTEE CHRIS LINDQUIST did deny the grievance 44-360-07 stating  that the employees in question have gone on record to deny any improper action, with other lies to justify the denial of complaint protect staff at all cost inmates are always wrong and staff

132. The Plaintiff did on January 31, 2008 write a grievance on staff's continued conduct TITLED CONTINUED HARASSMENT AND DISREGARD FOR GRIEVANCE POLICY AND PROCEDURES BY GRIEVANCE STAFF, JOHN JUSTICE CHAIRPERSON AND SGT. WILLIAMS, grievance denied and dismissed.

133. The Plaintiff wrote a grievance on March 4, 2008 about mail pick up from C-block, again the grievance staff deliberately withheld this grievance for over 30 days and never requested any extension in violation of directive 4040, and this grievance stated all mail to be come missing incoming and out going according to family.

134. CENTRAL OFFICE REVIEW COMMITTEE KAREN BELLEMY GRIEVANCE 44-741-08 dated 3/5/08 was unanimously denied.

135. CENTRAL OFFICE REVIEW COMMITTEE CHRIS LINDQUIST responded to grievance GM-44-955-08 code I/49 date filed 2/6/2008 date responsed to 4/2/08 TITLE : HARASSED/MOVED TO PROTECTIVE CUSTODY, The response is as follows in full: GRIEVANT'S REQUEST UNANIMOUSLY DENIED WITH CLARIFICATION, UPON FULL HEARING OF THE FACTS AND CIRCUMSTANCES IN THE INSTANT CASE, THE ACTION REQUESTED IS HEREBY DENIED WITH CLARIFICATION. CORC UPHOLDS THE DETERMINATION OF THE SUPERINTENDENT FOR THE REASONS STATED. CORC NOTES THAT THE FACILITY ADMINISTRATION HAS CONDUCTED A PROPER INVESTIGATION AND THAT THE EMPLOYEES IN QUESTION HAVE GONE ON RECORD TO DENY GRIEVANT'S ALLEGATIONS. CORC HAS NOT BEEN PRESENTED WITH SUFFICIENT EVIDENCE TO SUBSTANTIATE THAT HE HAS BEEN THE VICTOM OF HARASSMENT.

CORC NOTES THAT SERGEANT H... STATES THAT NO TAMPERING WAS FOUND TO THE GRIEVANT'S T.V. CABLE CONNECTION, BUT THAT THERE WAS A PROBLEM WITH TELEVISION RECEPTION. CORC ALSO NOTES THAT APPROPRIATE ACTION WAS TAKEN BY STAFF TO HAVE THE CABLE CONNECTION REPAIRED. IT IS ALSO TOLD THAT THE GRIEVANT WAS MOVED TO A DIFFERENT CELL WHILE AWAITING REPAIRS TO THE CABLE. CORC FURTHER NOTES THAT MAINTENANCE INDICATES THAT THE PROBLEM HAS BEEN RESOLVED AND THE SYSTEM OPERATIONAL.

CORC ASSERTS THAT NO INMATE HAS THE RIGHT TO A SPECIFIC HOUSING LOCATION. CORC ADVISES THE GRIEVANT TO ADDRESS ANY CONCERNS REGARDING HIS REQUEST FOR PROTECTIVE CUSTODY TO THE AREA SUPERVISOR. CORC ALSO ADVISES THE GRIEVANT TO ADDRESS HIS TRANSFER CONCERNS TO HIS ASSIGNED COUNSELOR.

CORC NOTES THAT THE GRIEVANT MAY WRITE TO WHOMEVER HE WISHES REGARDING THIS COMPLAINT. WITH RESPECT TO THE GRIEVANT'S APPEAL, CONTRARY TO THE GRIEVANT'S ASSERTIONS, CORC HAS NOT BEEN PRESENTED WITH SUFFICIENT EVIDENCE TO SUBSTANTIATE ANY MALFEASANCE BY STAFF. CORC NOTES THAT THE GRIEVANT HAS RAISED A SEPARATE ISSUE IN HIS APPEAL STATEMENT THAT WAS NOT ADDRESSED IN HIS ORIGINAL COMPLAINT. THIS ISSUE COULD BE THE SUBJECT OF A SEPARATE GRIEVANCE.

This statement clearly shows the corruption by CORC and the continued lies and cover up. Fact : the cable was turned off the same day the Plaintiff was v...

for a grievance filed against staff of A-block,

Fact 2. officers and all staff area directed to lie and deny any wrong doing by Albany's direction,

Fact 3. if the cable only needed repair why was the Plaintiff relocated to the other side of the prison from A-block to C-block, and if the Plaintiff was moved only for repair why was he not returned to that cell once it was fixed... because the Plaintiff was moved to cover up the beating and hind the faces of officers who committed the acts whom all worked in A and B-blocks.

Fact 4. how can an inmate not be entitled to PROTECTIVE CUSTODY when he is being beaten and assaulted by persons/ inmates and or staff,

Fact 5. area supervisors, deputy of security, superintendent, CORC, inmate grievance program, Albany Commissioner Brian Fischer all have personal knowledge of this continued request for protective custody and refuse to protect this Plaintiff from staff.

Fact 6. Correctional Counselor refuses to assist the Plaintiff and has denied all request other then getting phone numbers on list.

Fact 7. the statement of CHRIS LINDQUIST shows the total disregard for the concerns of this Plaintiff who is a victim of continued harassment and physical abuse by correctional staff and state THE GRIEVANT MAY WRITE TO WHOM EVER HE WISHES REGARDING THIS COMPLAINT, again shows they do not worry about any outside agency stopping what they want to do and or do what they want without concern of law, statute, constitutional rights of this Plaintiff which are clearly violated.

Fact 8. the appeals statement only responded to the grievance response which was not appealable thus the Plaintiff was forced to wait for the superintendents response for a correction to the lies filed but CORC CHRIS LINDQUIST stated it was an issue for another grievances seeking to keep this Plaintiff chasing the wind, this is corruption from top to bottom and no relief anywhere this is why this is in federal court to prove these crimes are taking place.

136. CHRIS LINDQUIST of CENTRAL OFFICE REVIEW COMMITTEE stated on 4/2/08 Code I/49 GM-45-002-08 Retaliation by staff again denied, employees denying allegations, not been presented with sufficient evidence to substantiate that he has been a victim of harassment, staff denys threaten grievant or delaying his medical trip, inmates are not given advance notice of medical trips, GM 44-914-08 allegations of assault is pending CORC response, and CORC notes that Directive 4040 Section 701.1. states in part that the grievance program is not intended to support an adversary process, this is all lies and put in a manner which is deceiving the persons who reads it., the medical trip issue was the officer did not give a morning wake up which all inmates are given at least 30 minutes to eat and wash up or to get t

26

ready, the Plaintiff was woken up and directed to leave right there, not given any meal, and this was sanctioned by Defendant A. Harris and Michael Paige who was waiting for the Plaintiff upon return and harassed the Plaintiff verbally, the Plaintiff has never used the grievance program for any thing other then to seek the corrections to violations of policys rules being violated, assault's by staff and continued denial to rights per facility and state policys of which once it is addressed to area of question the only other venue is the Inmate Grievance Program which is run and operated by correctional staff officers and exofficers which the outcome always is in the favor of the facility and it's employees.

137. On April 8, 2008 a letter was filed to Brandi White about a missing grievance TITLED : MAIL PICK UP FROM C-Block area, which in fact was submitted on March 4, 2008, a response was received on that same letter stating : GM 45, 249-08 the hearing will be within the next week, signed IGRC, with out any request for extension and or following procedures of Directive 4040 this grievances is well over 16 days and staff just do what they want when in fact this grievance should have been forwarded under appeal to the superintendent, but how would they justify the delay the appeal response was receive same 45 days later.

138. DAVID ROCK responded to a grievance GM-44-915-08 filed 2/4/2008 response date April 10, 2008, and he stated as follow QUOTE" THIS GRIEVANCE IS DENIED. THE GRIEVANCES WAS CONSOLIDATED THEREFORE A HEARING WAS HELD ON THE GRIEVANCE. THE GRIEVANT WAS NOT PRESENT AT THE HEARING, BUT OTHER GRIEVANTS WITH THE SAME CONCERN WERE PRESENT. THE GRIEVANT WAS NEVER PRESENT IN THE IGRC OFFICE, THEREFORE HE HAD NO CONTACT WITH THE GRIEVANCE CLERKS OR REPRESENTATIVES, UNQUOTE" this response made no sense to the grievant it does not explain any issue and or alleged facts of the grievance, and the response was two month later which again violated the directive 4040 policy, if the other inmates were present at the hearing should not the Plaintiff have received a copy of that hearing and allowed to appeal that response, this response can not be responded to because there is no indication what the complaint was about and no way to track this grievance down, again a coverup by Brandi White and Sgt. Williams because it appears the grievance was titled GRIEVANCE HEARING how can this department hold a hearing on its self all members had to be removed but by denying the Plaintiff access to this hearing under false justification this alleged hearing was held if so it was in direct violation to all policies and directives and rules of New York State Department Of Correctional Services, this clearly proves Racketeer Influence and Corrupt Organization, Conspiracy, Breach of Duty, filing of false statements, altering legal documents.

139. The Plaintiff appealed the Grievance GM-44-915-08, again CHRIS LINDQUIST responded and QUOTE " UPON FULL HEARING OF THE FACTS AND CIRCUMSTANCES IN THE INSTANT CASE, THE ACTION REQUESTED HEREIN IS HEREBY DENIED. CORC UPHOLDS THE DETERMINATION OF THE SUPERINTENDENT "

THE REASON STATED.

CORC NOTES THAT THE GRIEVANT'S KEEPLOCK STATUS PRECLUDED HIM FROM ATTENDING THE 1/3/2008 HEARING FOR GM-44-857-08, WHICH WAS CONSOLIDATION OF THREE COMPLAINTS. HOWEVER, IN ACCORDANCE WITH DIRECTIVE # 4040, SECTION 701.5(a)(3) THE TWO OTHER GRIEVANTS ATTENDED THE HEARING AS HIS SPOKEPERSON.

FURTHER CORC NOTES THAT THE GRIEVANT RECEIVED A RESPONSE TO EACH LEVEL OF THE GRIEVANCE AND WAS AFFORDED THE OPPORTUNITY TO APPEAL.

CONTRARY TO THE GRIEVANTS ASSERTIONS GM-44-857-08 WAS PROPERLY CONSOLIDATED AS A LIKE GRIEVANCE IN ACCORDANCE WITH DIRECTIVE 4040. ADDITIONALLY CORC HAS NOT BEEN PRESENTED WITH SUFFICIENT EVIDENCE TO SUBSTANTIATE ANY MALFEASANCE BY STAFF.

CORC NOTES THAT DIRECTIVED 4040 SECTION 701.1, STATES IN PART THAT THE GRIEVANCE PROGRAM IS NOT INTENDED TO SUPPORT AN ADVERSARY PROCESS. UNQUOTE".

These documents are full of false and misleading information to cover up the deliberate unprofessional conduct of staff and employees of Great Meadow CHRIS LINDQUIST has gone on record filing these false documents to protect the employees and the Plaintiff was never KEEPLOCK on 1/3/2008, and if the grievance was consolidated and that they were all different people still staff is found to be in the right and still not sufficient evidence to substantiate any malfeasance by staff, again staff is never wrong and always right, and inmates and this Plaintiff are filing untruthful complaints taking the risk of being beaten up for these grievances being filed so why would any prisoner file false grievances if he knows he is going to get beaten, harassed and threaten, because these grievances are the TRUTH, CHRIS LINDQUIST has just filed with the New York State Department Of Correctional Services a False statement and Report to an investigation to cover up the continued unprofessional conduct of Correctional Staff with the sole purpose of protecting all staff at any cost, with no regard for the laws and no regard for the Inmate Grievance Program which is a JOKE and does not work for any one because the state never takes responsibility for it's wrongful conduct and justified every act of staff, no one is 100 % correct as no inmate is 100 % wrong.

140. This Plaintiff was so abused by the Inmates Grievance Program he filed a Article 78 with the Washington County Supreme Court of which the Judge Stan L. Prizter allegedly heard and sign all papers and orders. The Plaintiff believes this Court and The Attorney General both acted under Conspiracy and Racketeer Influence and Corrupt Organization by 1. not reviewing the facts of the Article 78 and only allowing the Answer of The Attorney General to stand under false statement, the Article 78 was not about the hearing but about the continued unprofessional conduct and deliberate violations to the policy of New York State Department Of Correctional Services Directive # 4040 Inmate Grievance Program. This

Court deliberately underminded the issues and granted the dismissal under other reasons never properly reviewing any issue raised by the Plaintiff, To seek and fight and appeal would have been a waste of time because these Courts are only seeing one document those of the Attorney General,  and the Judge is not signing any document with a clear signature which is believed not to be the Judge but signed by any one hoping it would not be noticed, The Courts are allowing Clerks to process, review, make the motion, and sign the motion, the clerks are working hand and hand with the Attorney General of which together all motions are denied and no inmate nor this Plaintiff can stand against such a Corrupt Organization, So Article 78 Index # 11573, File No. 149-2007 <u>Gillard  v. White et al.</u> was denied and staff again protected by the Courts, the Clerk of the court, the Judges of the Courts and all agencies connected to the Courts the Employee of New York State Department of Correctional Services are allowed to do what ever they want because they know all Court are going to file false motions signed by the Clerk to protect them, it's all conspiracy, Racketeer Influence and Corrupt Organization.

DENIAL ACCESS TO LAW LIBRARY REQUESTED SUPPLY'S

RETALITION BY LAW LIBARY OFFICER

REPRISAL BY LAW LIBRARY STAFF DO TO GRIEVANCE'S FILED

BREACH OF DUTY, FILING FALSE STATEMENTS, CONSPIRACY,

RACKETEER INFLUENCE AND CORRUPT ORGANIZATION

141. The Plaintiff in JUne 23, 2007 requested Keep lock supply's do to being denied access to all forms and envelopes do to the unprofessional conduct and total disregard for the policy by officers within Great Meadow Correctional Faciulity, all request where denied and not received.

142. The Plaintiff again Filed a letter to Law Library requesting legal supply's and directives to review, the date was June 22, 2007 but this date was a Type error on the Plaintiff's part the date was about and around June 25, 2007, this was request #2 and again this was denied.

143. On September 4, 2007 the Plaintiff submitted a grievance for DENIAL ACCESS TO LAW LIBRARY, this grievances started a continued pattern of denial access to law Library and denial access to Legal Copies which is believed to have been in Retaliation to complaints Grievance denied.

144. On September 28, 2007 a letter was signed by <u>Anthony J. Annucci</u>, Deputy Commissioner and Counsel, stating he was responding on behalf of Commissioner Brian Fischer, about the Access to Law Library and FOIL request this letter been received on

29

and justification of why the Plaintiff was allegedly denied access.

145. The Plaintiff submitted a grievance on October 29, 2007 it was filed on 11/5/2007 some 7 days later for the continued denial access to legal copies, On 11/16/2007 the hearing was held and denied with the blame being directed to the conduct of Grievant, the grievant was not allowed to attend the hearing nor was any call out given for that date 11/16/2007 do to the incident of 11/15/2007 9:30 am when in fact two inmates of the Inmate Grievance Program did cause an unwarranted incident of which the area Sergeant Darin Williams watched and laughted as one inmate Threatened this Plaintiff which was a set up, no supervisor was there only the sergeant and the inmates did seek to create this trouble do to the fact the Plaintiff was asking who was in charges and allowing the procedures to be deliberately violated, the grievant left the area on his own with out misbehavior report being filed but later was stated the Plaintiff was ordered out of the area for creating an incident which was a lie to cover up the complaint filed by the Plaintiff.

146. The Plaintiff wrote a letter to Karen Lapolt Deputy Superintendent of Programs on November 16, 2008 Subject : LEGAL COPIES, on 11/29/2007 the response was received from Karen ▓▓▓▓▓▓▓▓▓▓▓ bottom of letter again pointing the blame at the Plaintiff when in fact the Plaintiff had money continuously placed in to his account but the policy of sending in the copy disbursement forms was withheld for weeks and and the Plaintiff seen the missing funds which he believed was taken out for copies, complaint was denied but advance copies was granted of which in fact was not needed do to money in account or was used but paid fore as money was in account.

147. The Plaintiff filed a letter 11/30/2008 to Karen Lapolt in response to her response recived 11/29/2007, of which she granted access to legal copies but the law library officer stated did not receive a copy of that approval which appeared to be strange.

148. On February 21, 2008 the Plaintiff received a INTERDEPARTMENTAL COMMUNICATION from Karen Lapolt, subject LAW LIBRARY ACCESS, with attached documents from C. Poirier law library office with a response from law library indicating all services are being given to the Plaintiff, which again was a coverup for denial access to law library and legal supply's do to complaints and grievances filed, this facility uses all areas of officers to retaliate once a grievance is filed to ensure they protect this unconstitutional life stye of Great Meadow Correctional Facility and protect the Employees therein, C. Poirier has spoken to the Plaintiff about the grievances filed in front of other inmates and the Law Library Staff of which are in his care to create bias and unhealthy relationship between inmates and the Plaintiff which is now effecting the Plaintiff's ability to get copies, legal books, and any requested.

149. The Plaintiff was ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ advancement for copies ▓▓▓▓▓▓▓

Lapolt, Dated March 31, 2008, no response received.

150. On April 4, 2008 the Plaintiff submitted a grievance with a copy of the letter to Karen Lapolt, grievance was denied and stated QUOTE: ACCORDING TO INVESTIGATION CONDUCTED BY IGRC SUPERVISOR MS. WHITE DSP. LAPOLT AND C.O. POIRIER OF THE LAW LIBRARY BOTH ASSERT THAT THEY HAVE NOT RECEIVED ANY ADVANCE REQUEST FOR LEGAL COPIES THEREFORE THIS GRIEVANCE IS DENIED,UNQUOTE this is a lie and in fact the Plaintiff requested under FOIL the copies of all legal supplies requested which would show the request for advance disbursement forms to law library area of which again was denied alleging there was no funds in the ACCOUNT of the Plaintiff, in fact this was to ensure these documents which would have a stamp from Law Library could not be producted as evidence to support this and other grievances filed by this Plaintiff. Brandi White IGP Supervisor investigated and Darin Williams sergeant held the hearing and together they denied the facts properly submitted for review, and mail was alleged to have never been received which again then supports my allegations of mail tampering. Take note the grievance was never dated as to when filed and no grievance number under the policy and directive 4040.

151. The Plaintiff again filed a grievance dated April 9, 2008 TITLED : DENIAL ACCESS TO LEGAL BOOKS, ADVANCE DISBURSEMENT FORMS AND DISBURSEMENT FORMS. This grievances was numbered GM # 45,541-08 date filed 4/11/2008. On 5/2/2008 hearing response from Inmate Grievance Resolution Committee is as follows: THIS GRIEVANCE HAS BEEN GRANTED TO THE EXTENT THAT ACCORDING TO CO. POIRIER, LAW LIBRARY SUPERVISOR, GRIEVANT HAS BEEN AFFORDED ALL SERVICES DUE TO HIM UNDER KEEP-LOCK STATUS. ALL REQUESTED SUPPLIES HAVE BEEN FORWARDED TO GRIEVANT ON APRIL 18, 2008, ACCORDING TO POLICY AND PROCEDURE GRIEVANT MUST SEEK PRIOR APPROVAL FROM DSP, LAPOLT, FOR ADVANCEMENT FOR COPIES WHEN THERE ARE NO FUNDS IN HIS ACCOUNT. The Plaintiff did file the proper request in review of #150. it was stated the request was never received ? Now in this grievance it is stated the Plaintiff did receive the requested supplies and legal books on April 18, 2008 which is a lie the grievance it clearly stated the Plaintiff requested these legal supplies and ADVANCE DISBURSEMENT FORMS on March 31, 2008, and April 7, 2008 now all request were received some 18 days then 11 days later from last request so why did it take allegedly so long ? because this Plaintiff never received any such forms and any document that has that information on it was falsified at a later date to justify this answer...

152. The Plaintiff filed a letter to be placed on the Rotation for April 23, 2008, the Plaintiff was placed on some days later, and given a callout for April 29, 2008 around and about, then did not receive another until May 9, 2008 around and about which at this time Officer C. Poirier did comment about the grievances filed and appeared to be in fear because the Plaintiff did not have money to make copies in his account and

still had a outstanding copy bill of $3.75 from April 29, 2008, this is the same conduct from the past grievances denying the Plaintiff copies is CO. C. Poirier's way to get back for the filing of grievances, this Plaintiff has received money continuously every month, So this conduct is retaliation and reprisal and no other callouts have been received, The Plaintiff has been stopped from using the Law Library do to grievances and complaints.

153. The Plaintiff received a response from the superintendent DAVID ROCK on #45, 509-08, TITLE: Advance Copies, date May 5, 2008 and it stated: QUOTE" AT THE TIME THIS GRIEVANCE WAS FILED, REQUESTS FOR ADVANCE LEGAL COPIES WERE NOT MADE BY THE GRIEVANT TO EITHER THE DEPUTY SUPERINTENDENT OF PROGRAMS OR THE LAW LIBRARY OFFICER. THE IGRC CANNOT MAKE ADVANCEMENT FOR LEGAL COPIES. THIS GRIEVANCE IS DENIED, Appealed to Albany CORC.

154. The Plaintiff received the response of DAVID ROCK on grievance # 45, 541-08 TITLED: Denial of Legal Supplies, date May 14, 2008 and stated QUOTE " THE GRIEVANT WAS KEEP LOCK ON 4-1-2008 WHEN HIS FIRST LEGAL SUPPLY REQUEST WAS RECEIVED. THE GRIEVANT'S REQUEST SLIP WAS PULLED, AND THE B-BLOCK CLERK INADVERTENTLY FORGET TO GIVE THE INMATE A REQUEST FOR DISBURSEMENT AND ADVANCE FORMS" THESE LEGAL REQUEST FORMS WERE DELIVERED TO HIM ON 4-18-2008. ALL OTHER ITEMS WERE RECEIVED UPON REQUEST " UNQUOTE... now this statement contradicts the statement from the IGRC and sergeant DARIN WILLIAMS, which stated the grievant was afforded all services due him and never stated the clerk inadvertently forgot to give the inmate a request for disbursement... so one lie to cover another lie to justify not giving the legal supplies requested what proof will be seen to support these lies there are now two alleged facts plus the claim of the Plaintiff this act was deliberate and in retaliation and conspiracy, and breach of duty as well as denial access to the Courts, this was appealed to CORC of Albany.

155. On May 24, 2008 the Plaintiff again submitted a Law Library request form to be placed on a Rotation for 12-2:30 pm callout only to date no callout has been received, which is again believed to be deliberate denial and Retaliation do to grievances filed. Reprisal and unconstitutional supported by Brandi White grievance supervisor, Darin Williams Sergeant, Deputy Lapolt and DAVID ROCK superintendent, Conspiracy, Racketeer Influence and Corrupt Organization.

BREACH OF DUTY BY OFFICIALS
PROSECUTORIAL DISCRETION AND SELECTIVE PROSECUTION,
DENIAL TO INVESTIGATE, STOP AND CORRECT RETALIATION,
REFUSAL TO PERFORM SWORN OATH OF OFFICIAL DUTIES
AIDING AND ABETTING CRIMINAL CONDUCT, VIGILANTE GANG ASSAULT,
MAIL THEFT, PACKAGE THEFT, HARASSMENT, ASSAULT,
RETALIATION, REPRISAL, TORTURE MENTALLY AND PHYSICALLY
CONSPIRACY, FILING OF FALSE DOCUMENTS AND REPORTS
RACKETEER INFLUENCE AND CORRUPT ORGANIZATION BY FEDERAL,
STATE AND COUNTY OFFICIALS AND ALL NAMED AGENTS NAMED HEREIN,
UNDER 18 U.S.C. Sect. 1961

156. On July 18, 2007 the Plaintiff filed a formal complaint to Brian Fischer, commissioner of New York State Department of Correctional Services of the conduct of officer SEAN CORRIGAN who not only began the Harassment and chain of events which took place over the remainder of 2007 but also carried into 2008, this complaint was disregarded, as power was turned off to cell, the plaintiff was sexually assaulted by staff ordered by SEAN CORRIGAN and mail tampering within A-block 2 company of which the Plaintiff was beaten on two different dates.

157. On July 20, 2007 a letter of concern and request for help was filed to Mr. J.L. Aubry, N.Y.S. Assemblyman, Chairman of Committee on Crime and Corrections, to date no reply.

158. on July 23 2007 a formal complaint was filed to Superintendent of Great Meadow Correctional Facility D. Lacair, requesting the removal from this prison in concern of the continued threats by staff and sergeants of physical harm, no reply.

159. On July 26, 2007 a letter was sent to the Plaintiff from Lucien J. Leclaire Jr. Deputy Commissioner stating QUOTE " Dear Mr. Gillard : Commissioner Fischer has asked me to respond to your letter alleging harassment by staff, the power was turned off in your cell and your mail has been tampered with at Great Meadow Correctional Facility. Your letter was sent to the facility officials for investigation who report you have filed grievance #GM-43319-07 regarding these issues. The grievance will be investigated and you will be notified of the decision that is rendered by the superintendent, if you are not in agreement with the superintendent's decision, you may file an appeal to Central Office Review Committee in accordance with Departmental policy. Please allow the superintendent time to review and respond your grievances UNQUOTE " again like always grievance is denied not proper investigation officer denied all allegations and of course were told were true.

33

records of power reconnections, no inmates are interviewed and the Plaintiff is threatened
by staff. The officials refusing to Order thgis conduct to stop and return the complaint to
the facility who will not police them self nor will they charge any of there co-workers
with any crime but in fact cover up, file false reports, and make false statements Ordered
by Brain Fischer and the staff of NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES of
which this Plaintiff has written documents to prove this fact.

160. On July 27, 2007 the Plaintiff filed another letters to Brian Fischer for the
continued harassment intimidation threats and unprofessional conduct of officer and
sergeants, denial of meals and power being turned off.

161. July 27, 2007 the Plaintiff did hand write a 5 page letter to Brian Fischer of New
York State Department of Correctional Services for harassment, retaliation, reprisal,
intimidation, threats, deliberate unprofessional conduct, denial of chow lunch and diner.

162. on July 28, 2007 the Plaintiff filed a letter to Richard Roy, Inspector General of
Department of Correctional Services again requesting help to the ongoing abuse and
harassment by staff, discrimination and threat to the Plaintiff's life and fear of Imminent

163. On July 29, 2007 a three page letter was sent  Certified Mail, Certified No. 7004-
1160-0003-3381-6821 to the New York State Attorney General, again requesting help to stop
the ongoing abuse and assaultive conduct by staff.

164. On August 15, 2007 the Plaintiff recived a letter from Defendant KAREN BELLAMY who
stated again the commissioner asked her to respond to Plaintiff's letter  dated July 27,
2007 regarding Inmate Grievance Program, also contact with facility administration indicted
that the IGRC clerk has not recived a July 27, grievance from the Plaintiff regarding
harassment by a sergeant. and further advising the Plaintiff to address all concerns to
INMATE GRIEVANCE PROGRAM SUPERVISOR who in fact is the one covering up for the staff's
criminal conduct and defendant BRANDI WHITE.

165. August 16, 2007 a letter was dated by the New York State Police Building 22, 1220
Washington Ave, Albany, New York 12226-2252, sent to the Plaintiff stating QUOTE "I am in
receipt of your correspondence dated July 17, 2007 and have forwarded it to the Inspector
General's Office, as it would come under their jurisdiction. Sincerely, David L. McNalry,
Major, Bureau of Criminal Investigation. UNQUOTE" again this agency refuse to process
criminal charges and sent the felony complaint to another agent DEFENDANTS Inspector
General's Office of New York State Department of Correctional Services who in fact is in
the address of 1220 Washington Ave Albany, New York 12226 criminal conduct covered up and
passed all the way back to the facility whom deny's all claims of unprofessional conduct
thus no relief for the Plaintiff was forced to file this Civil Complaint

34

defendants and agencies for the deliberate criminal acts.

166. August 23, 2007 the Plaintiff did file a letter requesting the status of the Felony Complaint as well as the filing number of this felony complaint as was documented by the Washington County District Attorney's Office, of 383 Broadway, Building A., Fort Edward, New York 12828, addressed to Kevin Kortright, District Attorney. Certified mail no. 7004-1160-0003-3381-6777 in question was in fact a felony complaint.

167. On August 23, 2007 the Plaintiff sent a letter to the New York State Policy requesting the status of the felony complaint mailed certified mail on July 20, 2008, certified mail number, 7004-1160-0003-3381-6760.

168. On September 5, 2007 a grievance was filed by the Plaintiff against staff, for Harassment, Threats and Deliberate destruction of cell.

169. On September 6, 2007 the Plaintiff filed a FORMAL COMPLAINT with the Superintendent of Great Meadow Correctional Facility, with a copy sent to PATRICK VANGUILDER Deputy Superintendent of Security, RICHARD POTTER Deputy Superintendent of Administration, and DAVID CARPENTER, Deputy Superintendent of Programs. this complaint was about the conduct of sergeant given to inmates of which are paid for and inmates are forced to hurry up and given time to check there items and are verbally abused by correctional staff in commissary.

170. On September 6, 2007 the Plaintiff filed a Formal Complaint of harassment, unprofessional conduct and destruction of cell legal documents over 20.000 pg. to the Superintendent, and the Deputy of Security Patrick Vanguilder.

171. On September 12, 2007 a letter was dated from Capt S. Rowe addressing the complaint of the Plaintiff which was harassment by staff and power to cell being turned off. alleging it was investigated by Sergeant Hendry and all allegations are unsubstantiated at this time. like always no staff is ever found to have committed any wrong.

172. On September 17, 2007 a letter was filed by P. Vanguilder Deputy superintendent of Security stating that the letter addressed to his office was forwarded to Captain Eastman to investigate. all defendants and agencies continue to address all FORMAL COMPLAINTS, COMPLAINTS" AND FELONY COMPLAINTS as letters or correspondence to cover up the criminal conduct and refuse to state and/or officially acknowledge the documents and there nature.

173. On September 17, 2007 the Plaintiff filed a grievance against officer BEECHER AND ROSATI for Assault, Threats and Harassment, which did cause injury to the neck, shoulder, back, and ankle, with the request of numerous witnesses to be interviewed and request for criminal charges filed. This Assault was do to the interview being conducted by defendant lieutenant Peter Beeson, and of whom is believed to have sanctioned this assault because Peter Beeson refused to have the Plaintiff taken to medical, and refused to file a report

35

of the complaint that the Plaintiff was assaulted by officer before he was brought to the interview room.

174. On September 17, 2007 a FORMAL COMPLAINT was written to the New Superintendent D. Rock, again the Plaintiff explained of the Assault, Harassment, Retaliation and Threats.

175. The Plaintiff again Filed a letter dated 9/17/2007 to the New York State Policy requesting criminal charges be filed against correctional staff for assault and beating by officer against this Plaintiff. This was mailed certified mail no. 7004-1350-0002-5750-2863.

176. On September 17, 2007 the Plaintiff again filed a letter to the Commissioner of New York State Department of Correctional Services, for the assault by staff, denied emergence medical attention requested seven times.

177. The Plaintiff filed a letter to the Governor Eliot L. Spitzer, certified mail no. 7006-3450-0000-1746-7938, requesting charges filed against staff for the beating and assault against this Plaintiff. Again the Plaintiff informed the Governor his life was in imminent danger.

178. On September 18, 2007 ... " THE ISSUE APPEARS TO BE ALLEGATIONS OF STAFF MISCONDUCT. LIEUTENANT BESSON WAS ASSIGNED TO INVESTIGATE THIS MATTER. HE WAS DIRECTED TO CONDUCT AN INTERVIEW WITH YOU AS WELL AS PERTINENT INDIVIDUALS. THE INVESTIGATING SUPERVISOR REPORTS THAT YOU WERE LESS THAN COOPERATIVE WITH THE INTERVIEW PROCESS." In fact this was stated because the Plaintiff refused to go to an area of the prison when no inmates where out of there cell, and they refuse to document any inmate out of there cell going to interview so when the inmate is beaten up there is no records in log books that state the inmate was in fact at such interview at such time, this is a common method used to beat and intimidate prisoners who file complaints of staff abuse and assaults. This letter was again a cover up and justification to the wrongful acts committed by staff.

179. On September 18, 2007 a certified letter no. 7004-1350-0002-5750-2870 was mailed to again Brian Fischer commissioner of New York State Department of Correctional Services by the Plaintiff, the issues where again unprofessional conduct, violation of cell search procedures #4910 (E), where again officers deliberately destroyed the Plaintiff's cell by order of the Sergeant who gave the officer a knife to plaint into the cell once the Plaintiff addressed that out loud the sergeant told the officer to destroy the cell, officers then took all legal documents and items an just through them in any and all directions, causing the Plaintiff to work weeks to sort and correctly place back into order.

180. On September 18, 2007 a letter was sent to Brian Fischer Commissioner of New York

State Department of Correctional Services by the Plaintiff again subject of assault robbery harassment threats and retaliation, theft of package room items and comments that baby rapers are lucky to get what we give them, and $35.00 dollars of food was stolen.. this Plaintiff was called out by sergeant Sabo and informed if the Plaintiff did not with draw he would not be walking out of the room.

181. September 26, 2007 a letter was filed by Karen Bellamy director of Inmate Grievance Program, stating that the Grievance GM-43349-07, regarding dismissed grievances and stated it was responded to by the Superintendent on July 30, 2007 but no appeal was received by the Plaintiff, and further was directed to address all issues to IGP Supervisor...The IGP supervisor Brandi White defendent in this action is one of the persons deliberate destroying documents and tampering with grievance process to protect staff anf cover up all grievances filed against staff, and is the same person responding and writing all superintendent's responses and appeals, so her we have one person controlling what is seen and heard, written and deleted from grievances and there responses.

182. On October 4, 2007 a letter was dated and signed by Lucien J. Leclaire Jr. Commissioner of New York State Department of Correctional Services Dear Mr. Gillard: Governor Spiter and Commissioner Fischer have asked me to respond to your letters alleging assault by staff, you were denied medical care, issues regarding a cell search, packages and your request to press criminal charges against staff at Great Meadow Correctional Facility. Your letter was sent to facility officials for investigation, who report you have filed grievances #GM-43862-07 and #GM-43848-07 regarding these issues. This is the proper avenue for you to pursue to address your concerns. Grievance #GM-43862-07 was investigated and denied by the superintendent on September 26, 2007, who reported the investiagtion did not produce any additional information, evidence or witnesses to substantiate your allegations. Grievance #GM-43848-07 is currently under investigation and the superintendent will respond to you once the investigation has been completed. If you are not in agreement with the superintendent's decisions in either grievance, you may file an appeal to the Central Office Review Committee in accordance with Departmental Policy. Your request to press criminal charges against staff should be directed to the Washington County District Attorney's office for their review and any action they deem appropiate. If you have further concerns regarding these issues, please contact facility officials. Sincerely LUCIEN J. LECLAIRE JR. unqoute".

It is clear by this response all defendants had personal knowledge of the concerns, issues, and assaults by staff of Great Meadow Correctional Facility and still gave full investigation powers to the facility who will not expose there facility policy which is abusive and harmful to prisoner

any grievance filed against staff as will be proven all grievances with all supporting documents and evidence have been and continue to be denied to cover up the wrongful conduct of staff within Great Meadow Correctional Facility.

183. On October 9, 2007 the New York State Police filed a letter to the Plaintiff stating: I am in receipt of your correspondence dated August 23 and September 22, 2007 and have forwarded it to the Inspector General's Office, as it would come under their jurisdiction. Signed David L. McNulty, Major, Bureau of Criminal Investigation, again we see SELECTIVE PROSECUTION no one is willing to file charges against New York State Correctional Employees and only rely on the statement of facility staff disregarding all statements of this Plaintiff.

184. On October 11, 2007 KAREN BELLAMY, director of Inmate Grievance Program filed a letter to the Plaintiff which stated in full: QUOTE" This is to acknowledge receipt of your correspondence dated September 17, 2007. Department of Correctional Services'policy, Directive #4040, Inmate Grievance Program,(IGP), provides inmates with an orderly, fair simple and expeditious method of resolving grievances pursuant to the Correction Law. The directive makes no provision for an inmate to refer grievances directly to central office. You are advised that you must submit your grievances or appeals directly to the Grievance Clerk at the facility. Therefore, your documents are being returned to you. We will not retain a copy of your documents in this office. UNQUOTE"...there is no orderly, fair, simple and expeditious  method of resolving grievances, staff refuse to take responsibility of there action, facility files false reports and statement, and all levels of appeals are refusing to document the findings to protect the officers unprofessional abusive conduct, and in fact this response by KAREN BELLAMY was not warranted because the original letters was addressed to the Commissioner not Karen Bellamy, but Karen Bellamy responded to protect the staff and deliberate tampering of grievances by defendant BRANDI WHITE.

185. On October 10, 2007 a formal complaint was dated and filed to D. Rock for continued denial to allow legal mail to the New York State Police to be mailed and denial of processing of such mail, again the complaint was deemed the problem was the Plaintiff and not the mail room or any other area of the facility when in fact the proper procedures were followed by the Plaintiff.

186. On October 24, 2007 a response from Karen Bellamy was filed pertaining to officers reading legal mail and harassing the Plaintiff refusing to give the legal mail to the Plaintiff while the officer continued to verbally harass the Plaintiff in retaliation to other complaints filed against staff of that block and area, again Karen Bellamy and her committee denied the grievance as always taking only the word of the officer as factual disregarding the complaint of the Plaintiff... As the Plaintiff

187. On 10/24/07 again defendant Karen Bellamy filed a response for grievance GM-43584-07 where the facility has continued to deny this Plaintiff to mail out his property and has stated they never received any request for such mail out, which is false, continue continue contiune lies...

188. November 15, 2007  letters where filed to The Correctional Association of New York, The New York State Commission of Correction and the U.S. Department of Justice, letter of concern to the conduct of the grievance supervisor and area sergeant, whom are defendants Brandi White and Darin Williams, again nothing has been done to stop this conduct nor has there been any investigation into these matters just denials.

189. On December 11, 2007 Defendant D. Rock filed a appeal response to grievance GM-44,360-07, which now state in part the Plaintiff was issued a direct order to leave the Inmate Grievance Program, alleging the Plaintiff was uncooperative in the grievance process...which will be proven there was no hearings and was called out to withdraw the complaint filed...so what process was this Plaintiff uncooperative in, again found to be without merit grievance is denied...

190. On December 13, 2007 a letter was dated by Peggy J. Loffredo of the State Commission of Corrections and stated in part QUOTE" THIS IS IN RESPONSE TO YOUR CORRESPONDENCE RECEIVED AT THE COMMISSION OF CORRECTION ALLEGING STAFF MISCONDUCT AND HARASSMENT AT GREAT MEADOW CORRECTIONAL FACILITY. PLEASE BE ADVISED THAT SUPERINTENDENT ROCK HAS BEEN DIRECTLY NOTIFIED OF YOUR CORRESPONDENCE TO THE COMMISSION REGARDING YOUR ALLEGATIONS. IT IS SUGGESTED THAT IN THE FUTURE YOU SHOULD FILE A WRITTEN COMPLAINT WITH THE SUPERINTENDENT. IF YOU ENCOUNTER ANY PROBLEMS, YOU SHOULD DIRECT YOUR CONCERN TO ASSISTANT COMMISSIONER AND INSPECTOR GENERAL.UNQUOTE ". The Plaintiff has followed every step with out response from defendant D. Rock or his staff only lies and cover up or no response at all.

191. On December 17, 2007 the U.S. DEPARTMENT OF JUSTICE Civil Rights Division filed a letter to the Plaintiff stating the concerns do not fall under there jurisdiction and forwarded them to the Criminal Section, signed Glynis Raval.

192. On December 17, 2007 a letter was filed to Peggy J. Loffredo by the Plaintiff, which in fact informed her of the wrongful response by her and the continued failure to stop the ongoing unprofessional deliberate constitutional violation and due process denial 2 pages.

193. On January 12, 2008 a grievance was filed for the officer who continued to not give this prisoner any showers but did give them to other inmates on both sides of the Plaintiff, this grievance was never processed and or received as to appeal, which again show the continued tampering with grievances by defendants Brandi White and Darin Williams

of Inmate Grievance Program.

194. On January 15, 2008 the Plaintiff filed a letter to defendant Patrict Vanguilder, pertaining to HARASSMENT AND UNPROFESSIONAL CONDUCT, where the officer continued to make comments about the back injury that was received from the ASSAULT by Craig Rosati on 9/17/07.

195. On January 24, 2008 again this Plaintiff filed a FORMAL COMPLAINT to defendant D. Rock for denial access to medical callouts, where prisoners who are under keep lock confinement are not given escorts to callouts and or medical callouts, staff just disregards there duties and it takes from 30 to 60 days to receive a new doctor callout.

196. On January 25, 2008 a grievance was filed by the Plaintiff for Harassment by officer working night shift who continued to bang on the gate every time he made a round to cause sleep depravation which is a form of torture, this officer stated he was going to do a lot more and he promise, on January 31, 2008 I was VIGILANTE BEATEN by Defendants Andrew Fraizer, John Doe #1 and John Doe #2, the officer who ordered this beating and did the night harassment was defendant Michael Paige.

197. On January 30, 2008 a letter was written and filed to Karen M. Gonzalez of Albany office of Department of Correctional Services about the ongoing denial access to law library, again this letter was filed on behalf of defendant Commissioner Brian Fischer.

198. On January 31, 2008 time 1:23 pm a letter was dated and written by the Plaintiff filed to defendant's Patrick Van-guilder deputy superintendent of security, D.Rock, Brian Fischer, Richard Roy; This was formal complaint which explained the harassment, threats, retaliation, reprisal, theft of mail denial to legal mail, power to cell turned off, cable to cell cut off banging on gate over night and assault.

199. On January 31, 2008 a grievance was dated by the Plaintiff for the beating and vigilante gang assault by defendant's Andrew Fraizer and two officer's because of the complaint and grievance filed against defendant Michael Paige, who banged on the gate, made threats and smelled like alcohol..The Plaintiff was informed he was going to have both arms and legs broken if he did write anymore grievance, even thought there is a camera in the hall which if is working would have shown the Plaintiff being taken in to the sergeants office that night in question, the facility stated the plaintiff was never taken out of his cell and was never seen by any sergeant Andrew Fraizer, which is a lie.

200. On January 31, 2008 a formal complaint was dated and filed to defendants David Rock, and Patrick Vanguilder pertaining to the assault beating and threats to break both arms and legs and continued request for PROTECTIVE CUSTODY for the safety of the Plaintiff of which has and continues to be beaten and assaulted by staff for filing of complaints and grievances.

40

201. On February 2, 2008 the Plaintiff filed a Formal Complaint to Richard Roy of the New York State Inspector General's Office pertaining to the Vigilante Gang Assault , hate crimes, harassment, conspiracy, and request for protective Custody 3 pages, Defendant Richard Roy has failed to protect the Plaintiff and has closed all complaints as if they never happened, officers are given out beating like it's approved by defendant Richard Roy and Brian Fischer.

202. On February 4, 2008 the Plaintiff wrote a grievance on the January 31, 2008 1:23 pm incident of cable being turned off in cell, GM 44,978-08.

203. On February 4, 2008 the Plaintiff dated a grievance for harassment, retaliation, reprisal, ordering the vigilante gang assault, by now known defendant Michael Paige.

204. On February 8, 2008 a letters was dated by defendant Patrick Vanguilder, pertaining to the cable in the cell being turned off, of which he now stated the problem was fixed do to the Plaintiff being moved to a new cell, but in fact the Plaintiff was moved do to the ongoing harassment, and retaliation by staff of A-block, so the Plaintiff was moved from the pan into the fire...continued cover up and justification to actions of staff one try to cover another.

205. The defendant David Rock again signed a response from a Harassment grievance #49 GM-955-08 which denied all allegations and blamed the trouble on poor reception of that cell, which has been fine for the past 7 months, the request to be transferred is denied and again this grievant is founded without merit.

206. On February 11, 2008 The Plaintiff requested to be given a new Identification card do to the fact it was stolen by defendant sergeant Andrew Fraizer and the two officers the night of the VIGILANTE GANG ASSAULT January 31, 2008.

207. On February 12, 2008 the First Deputy Superintendent P. Heath, filed a letter to the Plaintiff, stating this was a response to the latter dated January 31, 2008 regarding grievances that you submitted. I looked into this matter and have been advised by grievance office that they have received all of your grievances and that they are being addressed accordingly, this statement is not true and a continue cover up, why was not the staff impeached upon the complaint filed for threats and harassment all inmates are still working in that area even after the violation of code of ethics.

208. On February 13, 2008 the Plaintiff dated a letter addressed to defendant David Rock, pertaining to the retaliation and harassment and denial access to commissary buy, again requesting PROTECTIVE CUSTODY.

209. On February 13, 2008 the Plaintiff dated a grievance for denial to access to commissary by officer J. Abraham directed by Block Officer do to claims of beating, assault, and continued harassment and threats.

210. On 2/16/08 a response was dated by defendant David Rock for grievance GM-44,914-08 code #49, HARASSMENT and it states QUOTE " A HIGH RANKING SECURITY SUPERVISOR CONDUCTED AN INVESTIGATION INTO THE ALLEGATIONS BROUGHT FORTH BY THE GRIEVANT. THE INVESTIGATION INCLUDED AN INTERVIEW WITH THE GRIEVANT, AS WELL AS ALL PERTINENT INDIVIDUALS. IT IS NOTED THAT THE GRIEVANT HAS NOT PROVIDED A SINGLE WITNESS TO THIS INCIDENT AND HAS ONLY PROVIDED MINIMAL ASSISTANCE DURING THE INVESTIGATION PROCESS. THE SECURITY SUPERVISOR IDENTIFIED IN THIS COMPLAINT HAS DENIED THE ALLEGATIONS PUT FORTH, AND HAS SUBMITTED WRITTEN DOCUMENTS TO THAT EFFECT. IT IS WORTH NOTING, THAT THE SUPERVISOR WAS NOT EVEN ON DUTY THE NIGHT IN QUESTION. FURTHERMORE, DURING THE INVESTIGATION IT WAS FOUND THAT THE GRIEVANT WAS NOT ABLE TO IDENTIFY ANY OF THE ADDITIONAL STAFF HE REFERENCES IN HIS COMPLAINT. IT IS ALSO WORTH NOTING, THAT THE GRIEVANT WAS PROVIDED WITH A MEDICAL EXAM ON 2/1/08 AFTER HIS ALLEGATIONS OF STAFF ASSAULT. THE MEDICAL EXAM DOES NOT DOCUMENT ANY VISIBLE INJURIES IN PART ". The Plaintiff did give all information and identified officers, the camera would have supported these allegations but staff refuse to look at this evidence, medical staff deliberately failed to document the injuries and bruises to protect staff, if no injuries where seen where was the ex-rays taken of the Plaintiff's head and face area, the Plaintiff's face was all black and blue.

211. The Plaintiff again received a letter from defendant Patrick Vanguilder addressing and denying all allegation of staff's misconduct and continued harassment, tv cable being turned off, Assault by staff, and Threats of misbehavior report if the Plaintiff refuses mental health callout.

212. On February 19, 2008 the Plaintiff wrote a formal complaint to Defendant David Rock of which again requested Protective Custody do to continued threats of staff, and continued harassment by John Doe #1 who did the VIGILANTE GANG ASSAULT on January 31, 2008 with defendant's Andrew Fraizer and John Doe #2. copies of these request where sent to all state and federal agencies.

213. On 2/19/2008 a felony complaint was notarized and mailed to defendant Kevin Kortright, District Attorney of Washington County ,with the names of numerous witnesses who saw the Plaintiff taken out of his cell and returned beaten 30 minutes later, this was the third complaint filed to this office and no requested relief was received.

214. On February 20, 2008 the Plaintiff wrote a letter to defendant David Rock, again of Harassment and Threatening conduct of facility, again requesting Protective Custody.

215. On February 26, 2008 a letter was dated and sent to Defendant Richard Roy of New York State Department of Correctional Services, complaining of Harassment Intimidation and Threatening conduct, requesting protective custody from staff.

42

216. On February 29, 2008 a response was filed by defendant David Rock  grievance number 45, 002-08 Harassment Code #49 and a continued denial of any wrong doing by staff and staff's word is believed over the Plaintiff which has allowed the continued unprofessional conduct do to superintendent's covering up for officer. this grievance was appealed.

217. A memorandum was received via institutional mail from Vern Fonda director of operations inspector general's office dated February 29, 2008 stating the plaintiff's letter was sent to Defendant David Rock, this memorandum does not in any way identify the letter or documents this allows for continued coverup as all responses become less and less pertaining to subject matter, officers are never spoken about and all staff names are kept out of all responses as if it has never happen how can this document be dated February 29, 2008 when they said they have received the Plaintiff's letter dated 3/3/08 in fact the letter was dated March 2, 2008 of which did explain the vigilante gang assault by staff, request for protective custody and the denial access to foil requested information to cover and protect staff, the defendants inspector general assisted and continued to ensure this coverup was continued by returning the case to the facility the same persons who committed the acts and will do everything to protect it's staff.

218. On March 3, 2008 a grievance was filed by the Plaintiff for commissary staff ordering inmates to harass the Plaintiff and demanded the Plaintiff not file any grievances against commissary staff, grievances was never answered and or filed to the best of plaintiff's personal knowledge.

219. On March 3, 2008 a letter was filed by Defendant Lucien J. Leclaire Jr. Deputy Commissioner, it stated "QUOTE" Dear Mr. Gillard: Commissioner Fischer has asked me to respond to your letter to him regarding your allegations of staff misconduct at Great Meadow Correctional Facility. Superintendent Rock reports that you are addressing your concerns through the Inmate Grievance Program (IGP), specifically grievance GM #44914-08. This is the appropriate mechanism to address your issues and your grievance is currently being investigated. Please allow facility officials time to investigate and respond to you. If you disagree with the response to your grievance, you may appeal to the Central Office Review Committee. If you have further questions regarding this matter, please direct them to facility officials as they are in the best position to assist you. "UNQUOTE".

This response is false and full of cover up and lies, all levels of reviews are deliberately denied to protect staff, no staff is ever found to be in the wrong and all staff are ordered to deny any and all allegations there is no relief when the person's ordering the abuse, assaults and harassment are the same people doing the investigation.

220. The Plaintiff filed a letter to defendant David Rock on the conduct of Commissary staff senting an inmate to the Plaintiff's cell of which this inmate did demand off

43