UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GARY GILLARD,

                              Plaintiff,

    -against-                                          9:08-CV-1104 (LEK/DEP)

CRAIG ROSATI, GREGORY BEECHER,
MICHAEL PAIGE, JEREMY BURCH,
KELLY DOYLE, RICHARD LAPAN,
ARTHUR HARRIS, ANDREW FRAZIER,
MICHAEL HOY, KEITH HENDRY,
PETER BESSON, FISHER NESMITH,
KEN VERIO, MICHELE CZERWINSKI,
HOWARD SILVERBERG, WILLIAM
REDMOND, and ROBERTA LABURM,

                              Defendants.

_____

## DECISION and ORDER

This matter comes before the Court following a Report-Recommendation filed on August 22, 2011, by the Honorable David E. Peebles, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(c) of the Northern District of New York. Report-Rec. (Dkt. No. 91). After fourteen days from the service thereof, the Clerk has sent the entire file to the undersigned, including the Objections by Plaintiff Gary Gillard ("Plaintiff"), which were filed on September 9, 2011. Objections (Dkt. No. 94).

The Court is to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews

the Report and Recommendation only for clear error." Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations and quotations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997). The Court has thus considered the Objections, has undertaken a *de novo* review of the record, and has determined that the Report-Recommendation should be approved for the reasons stated therein.

Plaintiff objects to the dismissal of Defendants Paige and Harris from this action on the grounds that both "had knowledge that the plaintiff was being removed from his cell to be beaten."[1] Obj. ¶ 4. Because this objection only reiterates Plaintiff's earlier argument that Defendants Paige and Harris opened the door to his cell knowing an assault would follow, the Court reviews this only for clear error and finds none. See Farid, 554 F. Supp. at 307; Rev. Am. Compl. (Dkt. No. 33) ¶ 91. Accordingly, the Court adopts Judge Peebles' conclusion that Plaintiff's claims against those Defendants warrant dismissal for lack of personal involvement.

Plaintiff further claims that Defendant Paige should not be dismissed from this action because he (1) "did come to the plaintiff[']s cell on January 25, 2008 . . . and did continue to wake the plaintiff up during each round"; (2) "had [an] officer deny the plaintiff food for a hospital out side trip [for] which the plaintiff should [have] received a meal at 4:00 AM"; and (3) asked Plaintiff, "[H]ow did you sleep the other night[?]," and laughed when Plaintiff returned from the hospital on January 28, 2008. Obj. ¶ 4. The Court's previous Order in this case, dated November 2, 2009, made clear that the only claims that would be allowed to proceed in this case were Plaintiff's claims

---

[1] Plaintiff also argues that Defendant Lapan should not be dismissed for the same reasons; however, the Report-Recommendation in fact recommends that Defendant Lapan not be dismissed as a party to this action, and the Court adopts this finding. Report-Rec. at 29.

that: (1) excessive force was used against him in an incident on September 17, 2007; (2) excessive force was used against him in an incident on January 31, 2008; and (iii) he was denied proper and adequate medical care during his confinement at Great Meadow Correctional Facility.  Order of dismissal (Dkt. No. 28).  The allegations raised by Plaintiff in his Objections concerning Defendant Paige do not relate to any of these claims, nor do they tend to establish that Defendant Paige was personally involved in any of the incidents at issue in this case.  See Obj. at 4; Report-Rec. at 25-26.

Lastly, Plaintiff objects to dicta in a footnote in the Report-Recommendation stating that Plaintiff is "potentially subject[] . . . to the three strikes provision of 28 U.S.C. § 1915(g)."  Report-Rec. at 2 n.2.  Plaintiff claims that one of the cases cited in the footnote should not be counted as a "strike" against him because it "was tried in the federal courts . . . on August 4, 2005 and therefore should not be deemed dismissed for failure to state a claim."  Obj. ¶ 1 (citing Gillard v. Kirwin et al., No. 2:01-CV-2125 (E.D.N.Y.)).  A review of the order in question reveals that the case in question was tried before a jury in the Eastern District of New York on August 1 and 2, 2005, and that the district court granted oral motions to dismiss a number of the defendants based on failure to state a claim, but allowed Plaintiff's claims against one defendant to proceed.  Kirwin, No. 2:01-CV-2125, Dkt. No. 109 (E.D.N.Y. Aug. 5, 2005).

"It is unclear whether an action that is dismissed in its entirety, but only in part for grounds stated in 28 U.S.C. § 1915(g), qualifies as a strike under the [Prison Litigation Reform Act]." Larocco v. Jackson, No. 10 CV 1651, 2010 WL 5067825, at *3 n.3 (E.D.N.Y. Oct. 21, 2010) (Report-Recommendation) (citing Tafari v. Hues, 539 F. Supp. 2d 694, 698-700 (S.D.N.Y. 2008)), adopted by 2010 WL 5062006 (E.D.N.Y. Dec. 6, 2010).  See also Eady v. Lappin, No. 9:05-CV-0824, 2007 WL 1531879, at *2 n.4 (N.D.N.Y. May 22, 2007) (collecting cases reflecting a split

3

among courts on the issue of whether an action must be dismissed in its entirety to qualify as a strike).  The Court finds it unnecessary at this time to determine whether the partial dismissal of Plaintiff's claims in <u>Kirwin</u> constitutes a "strike" under the PLRA, and therefore adopts the Report-Recommendation to the extent that Judge Peebles merely speculated that Plaintiff was "potentially subject" to the three strikes requirement.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 91) is **APPROVED** and **ADOPTED** in its entirety; and it is further

**ORDERED**, that Defendants' Motion for summary judgment (Dkt. No. 82) is **GRANTED** in part and **DENIED** in part, consistent with the findings in the Report-Recommendation and in this Decision and Order; and it is further

**ORDERED**, that summary judgment is **GRANTED** as to Plaintiff's claims for money damages against Defendants in their official capacities; and it is further

**ORDERED**, that summary judgment is **GRANTED** as to Defendants Michael Paige, Arthur Harris, Michele Czerwinski, and Peter Besson, based upon their lack of personal involvement in the constitutional deprivations alleged; and it is further

**ORDERED**, that summary judgment is **GRANTED** as to Plaintiff's claims of verbal harassment against Defendant Gregory Beecher; and it is further

**ORDERED**, that summary judgment is **GRANTED** as to Plaintiff's claims of medical indifference as to all Defendants; and it is further

**ORDERED**, that summary judgment is **DENIED** in all other respects; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED.**

DATED:   September 14, 2011
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge